## STATE v. WILLIAMS.

1. ARREST ON SIGHT.—*It seems* that where authority is given to an officer to arrest and commit for offences committed *in his view*, he is empowered to arrest for such offences committed in his hearing.
2. HOMICIDE—IGNORANCE OF LAW.—A disturber of the peace, who kills on his own premises an officer empowered by law to arrest on sight for such offences, cannot excuse himself from the charge of murder by showing ignorance of the authority with which the law had clothed deceased, defendant having knowledge of the fact that deceased was an officer.

Before HUDSON, J., Spartanburg, October, 1891.

Indictment against John Williams for the murder of J. A. Henneman, mayor of Spartanburg, on September 27, 1891. The opinion states the case.

*Mr. David Johnson, jr.*, for appellant.

*Mr. Schumpert*, solicitor, contra.

June 28, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. Under an indictment for the murder of J. A. Henneman the appellant was convicted, and brings this appeal, alleging error on the part of the Circuit Judge in refusing certain requests to charge, and in the instructions given to the jury. For a proper understanding of the points raised, a brief statement of the facts will be necessary, so far as they relate to such points. There was testimony tending to show that the deceased, then being the mayor of the city of Spartanburg, and so known to be by the defendant, while passing along the streets of said city, had his attention attracted by a disturbance in a house quite near the street, and by calls for help proceeding from said house. The deceased entering the premises for the purpose of quelling the disturbance, was met by the defendant in a somewhat defiant manner. Defendant upon being ordered to surrender, refused to do so, and re-entered the house followed by deceased, who drew his pistol, saying, "You are going for a pistol." After entering the house, a struggle ensued, in the course of which both parties fell out of the door upon the ground, and the defendant, having gained possession of the pistol of the deceased, fired upon him, either while down or while rising from the ground, inflicting a wound from the effect of which the deceased died very soon afterwards. The testimony also tended to show that the disturbance in the house arose from the beating of a woman in the house, claimed by defendant to be his wife, and that she appeared at the window in a partially nude state, bloody, and calling for help.

Appellant's counsel requested the Circuit Judge to charge the jury as follows: "If the defendant did not know that the deceased, as mayor of the city of Spartanburg, had authority to

enter upon his premises and into his dwelling to arrest him, and believed at the time that the deceased was a meddler and a trespasser, and acting upon this belief killed the deceased in a sudden affray, in hot blood, without malice, then the deceased cannot be convicted of murder." To this request his honor, Judge Hudson, responded as follows: "I cannot charge you with that proposition, gentlemen, because all, from the humblest and the most ignorant to the most exalted and the most intelligent, are presumed to know the law, and if the mayor had the authority, the defendant is presumed to know it as well as anybody else, so that it was not necessary for him to have actual knowledge of the authority of the mayor of the city of Spartanburg; in other words, the proposition cannot be charged in that shape. I say he is responsible whatever his knowledge is as to the authority of the officer of the law, and all are required to submit to that authority in every attempt to exercise it properly."

The grounds of appeal are, nominally, three in number, to wit: 1st. That his honor erred in charging the jury that the words of the statute, "in his view," must be construed to mean within the sight of the officer, or his plain or full hearing. 2nd. In refusing to charge the request above copied. 3rd. In charging the jury as follows: "I say he (the defendant) is responsible, whatever his knowledge is as to the authority of the officer of the law."

The first ground of appeal was very properly abandoned, as the charter of the city of Spartanburg invests the mayor and aldermen, "severally and collectively," with "all the powers which trial justices now have or may hereafter have, within the limits of said town," &c., and section 836 of the General Statutes authorizes and requires any trial justice "to command all persons who, in his view, may be engaged in riotous or disorderly conduct to the disturbance of the peace, to desist therefrom, and to arrest any such person who shall refuse obedience to his command. * * * In like manner he shall arrest and commit, if necessary, any person, who, in his view, shall perpetrate any crime or misdemeanor whatsoever." It would certainly be a very narrow construction to hold that this provision applies only to cases in which the officer acquired knowledge of the disorderly conduct through the medium of his sense of sight, and

did not apply where such knowledge was obtained through his sense of hearing. We think, therefore, that counsel for appellant was entirely right in declining to press any such narrow view.

The second and third grounds of appeal may be considered together, as they practically raise the same question. It will be observed that the question is *not* as to the effect of the want of knowledge that the person claimed to be an officer was in fact an officer, but the question is as to the effect of the want of knowledge of the extent of the authority of one known to be an officer; and it is important to observe this distinction. In the one case the want of knowledge proceeds from ignorance of *a matter of fact*, while in the other it must proceed from ignorance of *a matter of law*, and the well known legal maxim, *Ignorantia legis neminem excusat*, applies. As is said in 4 Black. Com., 27, in speaking of the effect of ignorance: "But this must be an ignorance or mistake of fact, and not an error in point of law. .* * * For a mistake in point of law, which every person of discretion not only may, but is bound and presumed to know, is, in criminal cases, no sort of defence." See, also, 1 Bish. Cr. Law, §§ 294–300. It is clear, therefore, that the request to charge, in the form in which it was presented, could not have been allowed without violating well settled principles of law; and it is equally clear that there was no error in the remark which is quoted in the third ground of appeal. There was, and could be, no pretence that the defendant did not know that the deceased was an officer of the law, for he says in his own testimony that he knew he was the mayor of the city, and he was bound to have known the extent of his authority as such. In the language of Judge Hudson refusing the request, "all are required to submit to that authority (an officer) in every attempt to exercise it properly," and one who refuses to do so must take the consequences.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to the Court of General Sessions for Spartanburg County in order that a new day may be assigned for the execution of the sentence heretofore imposed.