## BIGHAM v. HOLLIDAY.

1. APPEAL, NOTICE OF—MAGISTRATE.—The notice of appeal from magistrate's judgment must be *personally* served on magistrate within five days from date of judgment, and service by mail will not suffice.
2. IBID.—TIME.—The computation of time in *Paul* v. *Ry.*, 50 S. C., 23, does not apply to appeals.

Before GARY, J., Florence, February, 1898. Affirmed.

Action in claim and delivery in court of A. L. Armsfield, magistrate, by L. S. Bigham v. J. W. Holliday and R. McLendon, sheriff. Judgment for plaintiff. Defendants appeal. Appeal dismissed by Circuit Judge. Defendant again appeals.

*Messrs. Johnsons & Wells*, for appellants, cite: Code, 410; 12 S. C., 561; 50 S. C., 23; Code, 88, sub. 11, 360; 51 S. C., 221.

*Messrs. J. P. McNeill* and *Woods & Shipp*, contra. The former cites: Code, 359, 360; 7 S. C., 342; 9 S. C., 82; 18 S. C., 601; 11 N. Y., 274; 19 S. C., 143.

July 7, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE.    L. S. Bigham, as plaintiff, obtained judgment against the defendants in an action tried before A. L. Armsfield, Esq., a magistrate, on the 10th December, 1897.   Defendants gave notice to plaintiff's attorneys of intention to appeal on the 14th December, 1897, but did not serve the magistrate until the 16th of December, 1897. When the appeal came on to be heard by Judge Ernest Gary, he decided that he had no jurisdiction of the case, owing to the failure of appellants to serve the trial magistrate with their notice of appeal within five days from the date of the judgment, and he, therefore, dismissed the appeal.   From this judgment the defendants now appeal to this Court.

The three grounds of appeal are intended to present the question of service on the magistrate in its different phases. Section 360 of the Code of Civil Procedure is as follows: "The notice of appeal must, within the same time (five days fixed by section 359), be served on the trial justice personally, if living and within the county * * *"    These magistrate's courts are purely the creation of the legislature, and to the statutes reference must be had for all that pertains to them.    There must have been some reason for the legislative direction that notice of appeal must be served upon the magistrate personally.    It has been held by this Court that a failure to serve the notice of appeal within five days after judgment is fatal to such appeal.   *Davis* v. *Vaughan*, 7 S. C., 342; *Scott* v. *Pratt*, 9 S. C., 82; *Foot & Son* v. *Williams*, 18 S. C., 601.    The last case cited is conclusive.    But the appellants say that the magistrate agreed verbally to accept notice.    This will not do; the statute lays down the rule imperatively—the notice must be served *personally*, within five days from date of judgment, and the Circuit Judge did not have the power to do otherwise than as he did.    But appellants suggest that their copy of the notice intended for the magistrate was deposited in the post office, addressed to him, postage paid, on the 14th December, 1897, and that

such was within the time, and is allowed by law. We cannot so view the statutory requirements directing service to be made personally, within five days, upon the magistrate.

But lastly, appellants suggest that the 15th of December, 1897, was within the five days from the 10th of December, 1897, and cite case of *Paul* v. *Railway Co.,* 50 S. C., 23, as sustaining this method of computing time. The Code requires that in computing time, the day or first day is excluded and the last day is included—so here the *10th* December is excluded but the *15th* December is included. When the case of *Paul* v. *Railway Co., supra,* is considered, it will be found to refer to the time in which an answer is to be filed, and that it is there held that the entire *last* day is given to the defendant in which to answer. The case cited has no reference to appeals.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.