## PERCIVAL v. BAILEY.

An ARREST for misdemeanor without warrant or legal process, not committed in the view of the officer, and not under circumstances showing such an emergency as would justify such an arrest, is unlawful.

Before TOWNSEND, J., Richland, July, 1903. Affirmed.

Action by Martin Percival against W. J. Bailey and The Columbia Real Estate and Trust Co. From order overruling demurrer to complaint, defendants appeal.

*Messrs. Abney & Thomas,* for appellants, cite: *Motives of defendants are immaterial:* 29 S. C., 192; 62 S. C., 104. *City court had jurisdiction of offense charged:* 14 Stat., 569; Code, 1902, 2003; Crim. Code, 199; 16 S. C., 493. *If arrest be legal, there is no false imprisonment:* 63 S. C., 101; 34 N. Y. Sup., 462; 81 Wis., 578; 58 Wis., 276; 64 Wis., 321; 50 Wis., 335; 86 Cal., 533.

*Messrs. J. Q. Marshall* and *J. S. Muller,* contra, cite: *When may officer of city of Columbia lawfully arrest without warrant for offense less than felony:* 2 N. & McC., 475; 16 S. C., 486; 17 S. C., 58; 36 S. C., 493; 64 S. C., 321; 44 L. R. A., 673; 8 L. R. A., 529; 2 Ency., 2 ed., 870, *878; 19 L. R. A., 449; 12 L. R. A., 382; 13 L. R. A., 163; 7 L. R. A., 507; 41 Mich., 304; 1 Hill, *327, *339; 53 S. C., 153; 12. Ency., 2 ed., 724; 54 A. D., 250, 253; 39 Ind., 323; 81 Mich., 511; 99 Pa. St., 70. *Arrest of innocent person on mere suspicion is unjustifiable:* 44 L. R. A., 673; 2 Ency., 2 ed., 880; 7 L. R. A., 507; 118 Ind., 45. *Authorizing or giving a person into an officer's custody is unlawful:* 12 Ency., 2 ed., 757; *and act of officer. is also unlawful:* 103 Ala., 346.

November 4, 1904. The opinion of the Court was delivered by

MR. JUSTICE JONES. The complaint in this case was for damages for false imprisonment. This appeal is from an

order overruling a demurrer to the first cause of action for insufficiency. It was alleged that defendants "maliciously and with intent to injure the plaintiff, and without just or reasonable cause, gave the plaintiff into the custody of a policeman of the city of Columbia, and forced and compelled him to go to the police station of said city and there caused him to be imprisoned on a false charge then made by the defendants as aforesaid; that the plaintiff had been guilty of interfering with laborers and of disorderly conduct, in violation of an ordinance of said city, and then and there caused him to be detained and restrained of his liberty for the space of two hours, without just or reasonable cause as aforesaid and without right or authority so to do and against the will of the plaintiff, &c." The specifications of the demurrer were:

"1. Because the charge made by the said defendant that the plaintiff had been guilty of interfering with laborers and of disorderly conduct, in violation of an ordinance of said city, as set forth in the first cause of action, was for an offense at law, and was disorderly conduct of which the municipal court of the said city of Columbia had jurisdiction.

"2. Because it appears from the allegations in said cause of action that the Court had the right to determine what was disorderly conduct, and if it subsequently came to the conclusion that, on the testimony adduced, the plaintiff was not guilty, nevertheless, the defendant is not liable for false imprisonment, and the same result would follow if it turned out that the municipal court had no jurisdiction over the acts complained of.

"3. Because it appears from the allegations of the first cause of action set out in the complaint that the arrest and detention of the person of the plaintiff was made under legal process, and, therefore, there could be no false imprisonment."

In the order overruling the demurrer, Judge Townsend said: "In my opinion, the whole matter turns on whether or

not a policeman can legally arrest one charged with an offense less than felony without a warrant, where the offense charged is not committed in the presence of the officer. Under the authorities cited, I do not think that such an arrest would be legal. The first cause of action contains the allegations, the defendants 'gave the plaintiff into the custody of a policeman of the city of Columbia, &c.' That was an illegal act, unless the offense charged is a felony or was committed in the presence of the officer. The offense charged is only a misdemeanor, and there is no allegation that it was committed in the presence of the officer. The arrest was, therefore, illegal, and the giving over the plaintiff to the policeman was illegal. There is, then, this one illegal act at least charged in the first cause of action, and the demurrer cannot be sustained."

We do not think the Court erred. Construing the complaint liberally, as we must, we think it alleges an arrest without warrant or lawful process. A complaint in similar language was so construed in *Whaley* v. *Lawton,* 62 S. C., 98, 40 S. E., 128. Peace officers have at common law the right to arrest upon view without warrant all persons who are guilty of a breach of the peace or other violation of the criminal laws. *City Council* v. *Payne,* 2 N. & McC., 475; *State* v. *Sims,* 16 S. C., 486; *State* v. *Bowen,* 17 S. C., 58; *State* v. *Williams,* 36 S. C., 493, 15 S. E., 554; *Loggins* v. *So. Rwy. Co.,* 64 S. C., 321, 42 S. E., 163. It may be that an offense committed in the full hearing of an officer would be deemed as committed in his view. *State* v. *Williams, supra.* There may be also special circumstances of emergency which would justify a peace officer in arresting without warrant for a breach of the peace not committed in his view, if the officer arrived at the place of the disturbance very soon after the offense and found the offender present. *State* v. *Sims, supra; State* v. *Lewis* (Ohio), 19 L. R. A., 451. The foregoing is the rule, and its modifications, so far as announced in this State, with reference to arrest without warrant for offenses less than felony.

The alleged violation of the city ordinance was a mere misdemeanor, and, so far as the complaint shows, was an alleged past offense not committed in the view of the officer making the arrest without warrant, at the instance of defendant, and without any special circumstances showing an emergency which might justify arrest without warrant.

The judgment of the Circuit Court is affirmed.