STATE v. BYRD.

1. A JUROR related to the deceased in a homicide case by marrying his
   second cousin, is related to him within the sixth degree.
2. IBID.—Finding that a juror is not indifferent, there being evidence
   to support it, is not reviewable here.
3. ARREST—SELF-DEFENSE—MURDER.—Where a party is engaged in the
   commission of a crime which subjects him to arrest without a
   warrant, and he shoots an officer so authorized to arrest, with
   knowledge that he was such officer, upon mere attempt to arrest, he
   shoots at his peril.
4. ARREST.—A MAGISTRATE has power to arrest without a warrant one
   committing a misdemeanor in his view, and such provision of the
   law is constitutional.
5. MALICE is presumed from the use of a deadly weapon.
6. IBID.—Defining malice to be "the intentional killing of a person
   knowing it to be wrong, intending to do it, knowing it to be wrong,
   without just legal excuse," held proper, especially as explained by
   following part of charge in stating law of manslaughter.
7. CHARGE.—Error in charging that defendants were not obliged to
   show the existence of one of the elements of self-defense, is favorable
   to defendants.
8. IBID.—There being no request to charge that if defendants were haul-
   ing liquor, not contraband, the magistrate had no authority to arrest
   without warrant, failure to so charge is not reversible error.

Before TOWNSEND, J., Greenville, May term, 1904.   Af-
firmed.

Indictment against Fletcher Byrd and Palmer Chriswell. From sentence on verdict of guilty, defendants appeal.

*Mr. Adam C. Welborn,* for appellants, cites : *As to power of officers to arrest without warrant:* 4 Black. Com., 292; 2 N. & McC., 475; 17 S. C., 58; 50 S. C., 405; 59 S. C., 297; 64 S. C., 321.

*Solicitor J. E. Boggs,* contra, cites : *Indifference of juror is within discretion of Judge: State* v. *Hays,* 70 S. C.   *As to right of officer to arrest:* 36 S. C., 493; Crim. Code, secs. 3, 26, 590; 48 S. C., 249.

*Assistant Attorney General Townsend,* also contra, cites : *As to constitutionality of law authorizing arrests without warrant:* 101 Mich., 419; 75 N. Y., 362; 59 N. H., 589; 34 Minn., 1; 84 Am. St. R., 682, 688; 17 S. C., 60; 70 S. C., 72; 68 S. C., 312.

July 5, 1905.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   The defendants were convicted of the murder of William J. Cox, and sentenced to be executed on July 1, 1904.

By their appeal they first submit the Circuit Judge erred in rejecting the jurors, L. W. Watson and Guy L. Watson. The former having married the second cousin of deceased, was related to him within the sixth degree by affinity, and was properly rejected. *State* v. *Brock,* 61 S. C., 141.   Upon being examined on his *voir dire,* the juror, Guy L. Watson, said he had expressed or formed an opinion as to the guilt or innocence of the accused, but that it might be changed by evidence; that he was without prejudice, and he thought he could render a fair and impartial verdict.   He married a fourth cousin of deceased.   The finding by the Circuit Judge that the juror was not indifferent in the cause is not reviewable by this Court, as it was not without evidence to support it.

*State* v. *Williamson,* 65 S. C., 242, 43 S. E., 67; *State* v. *Hayes,* 69 S. C., 295.

The State offered evidence tending to prove these facts: William J. Cox, the deceased, was a magistrate. The defendants on the day of the homicide drove by his store in a buggy. B. M. Austin, at one time a dispensary constable, was at the store, and seeing there was some article in the buggy covered with oil cloth, reached the conclusion it was contraband liquor. Thereupon he and Cox followed the defendants, and after passing them in the road turned back, intending to arrest them. They then discovered that the defendants had gotten out of the buggy and were standing behind it, each with a pistol in his hand. Austin drew his gun and ordered the defendants to throw up their hands. They complied with the demand, but Palmer Chriswell retreated about thirty yards and then fired on Austin, who was following him. Austin, the only eye-witness examined, testified while he was thus engaged with Chriswell he heard firing from the direction of the point where Cox had approached Fletcher Byrd, the other defendant, and there Cox was found shot to death. At the time of the attempted arrest, the defendants were not told that Cox was an officer, but the defendant, Fletcher Byrd, subsequently stated to the witnesses, Hughes and Gertrude Gillion, that the shooting was with "spies," or dispensary constables; the evidence tended to show further that the defendants lived just across the Greenville line, in Laurens County, and were not unfamiliar with the country and its inhabitants. The defendants offered no testimony.

It is necessary to quote the first exception to the charge in full. It is that the Circuit Court erred "in not charging the jury that if they believe from the evidence that the deceased, William J. Cox, and D. M. Austin drove by the defendants and across the road in front of them, drew a gun on them, ordered them to halt and surrender, had no warrant for their arrest and never told the defendants they were officers of the law, the defendants would have

the right to resist arrest and that they would have the right to kill the assailants, or either of them, if necessary, to save themselves from serious bodily harm or death." It might be sufficient to say that the Circuit Judge stated to the jury fully his views as to the limitations of the right of an officer to arrest without warrant, and was not requested to charge defendant's view of the law as stated in this exception. But the exception could not in any view be sustained, because, if the deceased had the right to make the arrest, the defendants could not justify resistance on the ground that he did not give them express notice at the time that he was an officer, if that fact was already known to them (*State* v. *Williams,* 36 S. C., 493, 15 S. E., 554) ; and there was, as we have seen, some evidence from which such knowledge might be inferred. But aside from this, the facts afford no basis for a charge as to the right of self-defense of those threatened with death or serious bodily harm. There is nothing in the evidence to suggest an intention of the deceased magistrate to do more than arrest the defendants; and even if the attempted arrest was illegal, an illegal arrest is usually nothing more than a trespass and does not excuse a homicide committed in resisting it, unless it appears that such killing was necessary in self-defense, that is, to prevent death or great bodily harm. 25 A. & E. Ency. Law, 2 ed.. 279, and authorities cited. As a general rule, it is the duty of an officer in making an arrest to state his official character and the cause of the arrest, exhibiting his warrant, if he has one; but the failure to take these precautions does not justify homicide or even physical resistance by the party arrested without inquiry on his part as to the authority for his arrest. In *State* v. *Anderson,* 1 Hill, 327, 345, which is generally regarded a case of great authority, a private citizen was killed while attempting to arrest Anderson in this State for a murder committed in Georgia. Judge O'Neall says : "The qualification to the general rule to which I have alluded, is that where the party making the arrest inform the prisoner of their intention to arrest, or actually

make it, and the prisoner makes no demand of the cause, it is not necessary to state it. After Col. Martin informed the prisoner that he and his party were there to arrest him, to avail himself of his want of knowledge of the cause of the intended arrest, he ought to have demanded it. His failure to do so, as well as the facts to which I have already adverted, deprive him of any benefit of this defense." The defendants knew they were actually engaged in the commission of a crime which subjected them to arrest without warrant by a magistrate or certain other officers mentioned in the dispensary law, and when they shot without inquiry they did so at their peril. In the Anderson case, the Court held the crime charged in Georgia was a felony justifying arrest in this State without warrant. The facts of the killing, which was there held to be murder, are strikingly like those adduced in this case, and the view of the Court is conclusive of the question here made: "The prisoner's guilt in Georgia was, I think, fully proved by the witness, Wheeler. The witness and Goodson were two of a party who were in pursuit of the prisoner and his brother for some offense; they discovered them in the woods and ordered them to stand—the brother instantly ran, and the prisoner shot Goodson dead. There was nothing in this transaction which made it less than murder. There was no force imposed on the prisoner, not even the touching of his person, or an attempt to lay hands on him; there was no offer or threat to kill, or do personal violence to him: he was requested to stand, and instead of doing as any honest man would have done, standing still and asking 'why he was required to stand?' he shot and killed Goodson. If, under these circumstances, the homicide is not to be adjudged murder, it will be difficult hereafter to apply to any case Mr. Justice Foster's description of the distinguishing characteristic of murder, 'a heart totally devoid of social duty, and fatally bent on mischief.' "

The Circuit Judge charged: "Magistrates may arrest persons whom they see, or who come in their view, of violat-

ing the law. They may arrest them or order them arrested without a warrant, but a warrant must be gotten as soon as possible. A magistrate may arrest a person who is violating the law within his view. * * * If you find that the defendants were hauling contraband liquor, that was a violation of the law and a magistrate would have the right to arrest them without a warrant, if it came within his view." As to this instruction, the defendants take the position that a magistrate may arrest without warrant only for a felony or breach of the peace committed in his presence, and, therefore, he could not legally arrest one who was hauling contraband liquor in his view, that being only a misdemeanor. Section 26 of the Criminal Code authorizes and requires a magistrate without warrant to "arrest and commit, if necessary, any person who, in his view, shall perpetrate any crime or misdemeanor whatsoever." *State* v. *Williams, supra.* Section 590 of the Criminal Code provides: "Any person detected openly or in the act of violating any of the provisions of this chapter shall be liable to arrest without warrant: *Provided,* A warrant shall be procured within a reasonable time thereafter." The chapter in which this section is found relates to the liquor laws of the State. There was evidence tending to show that the defendants killed the magistrate who was attempting to arrest them while they were perpetrating in his view the crime of transporting contraband liquor from one place to another within this State. (See *State* v. *Moody,* 70 S. C., 56.)

Under section 16, of article I., of the State Constitution, which protects the citizen from unreasonable seizure of his person and property, there is no doubt a limit to the power of the General Assembly to authorize arrest of the citizen without warrant, but we do not think that limit has been reached when an officer is required to arrest without warrant one whom he discovers in the act of violating the criminal law. A full discussion of the authorities on this subject will be found in *Burroughs* v. *Eastman,* 24 L. R. A., 859 (Mich.). *Jones* v. *Root,* 6 Gray, 435 (Mass.), holds con-

stitutional a statute relating to the arrest without warrant of persons transporting contraband liquor almost exactly the same as section 590 above quoted. "At common law, as a general rule, an arrest could not be made without warrant for an offense less than felony, except for a breach of the peace." 3 Cyc., 880; *State* v. *Sims,* 16 S. C., 486. These common law exceptions to the general rule were based on the principle that the ordinary right of exemption from arrest except upon warrant should yield to public necessity. Without such exceptions the due administration of the law would be vitally impaired. As long as exceptions additional to those fixed by the common law fall fairly within the principle from which the common law exceptions arose, they are not subject to constitutional objection. To hold that the legislature has no power to prevent crime by requiring an officer to arrest the person actually committing it, without waiting to procure a warrant and thus allow time for the complete perpetration, would in many cases lead to the practical result that, though the State may punish the criminal, it cannot arrest the perpetration of the crime by laying its hand instantly on the criminal while in the criminal act.

The Circuit Judge charged: "The use of a deadly weapon presumes malice, but the presumption may be rebutted; so, after all, it is left for the jury to say, from all the facts and circumstances, whether the killing was done with malice or not." This was in exact accordance with the law as laid down in *State* v. *Levelle,* 34 S. C., 120, 13 S. E., 319; *State* v. *Jackson,* 36 S. C., 487, 15 S. E., 539, and a number of other cases.

The defendants next complain of this sentence in the charge: "Malice is the intentional killing of a person, knowing it to be wrong, intending to do it, knowing it to be wrong, without just legal excuse." This is substantially the same language used by the Circuit Judge in *State* v. *McD. niel,* 68 S. C., 304, 47 S. E., 384. As in that case, the word "excuse" as here used embraced the idea

of extenuation, which would reduce the crime from murder to manslaughter, for immediately after this portion of the charge as to malice follows a full statement of the law as to manslaughter, which was so clear that the jury could not fail to understand if the "excuse" of sudden heat and passion on sufficient legal provocation existed, the offense would be manslaughter and not murder.

Exception is taken to the opening of the charge on the subject of self-defense for lack of consistency and clearness. The burden was on the defendants to prove all the elements of self-defense. These were clearly laid down in the charge; the error of saying that the defendants were not obliged to show the existence of one of these elements was favorable to the defendants, and they cannot complain that it was immediately corrected.

On the question as to whether the liquor the defendants had was contraband the Circuit Judge charged: "If you find that the defendants were hauling contraband liquor, that was a violation of the law; that would be a violation of the law, and the magistrate would have the right to arrest them without a warrant if it came within his view, and if he was satisfied of his own knowledge that they were violating the law he would have the right to arrest them, and would have the right to call in anybody to assist him." There was no request to charge the converse of this proposition, and emphasize the rights of the defendants by an instruction to the effect that the defendants were not subject to arrest for transporting liquor not contraband. The exception which alleges error in this respect, therefore, cannot be sustained.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed, and that the case be remanded to that Court for the purpose of having a new day assigned for the execution of the sentence heretofore imposed.