## WRIGHT v. SOUTHERN RAILWAY.

APPEAL.—MAGISTRATE was served personally with notice and grounds of appeal, respondent's attorneys were served by mail. At hearing of motion to dismiss appeal because notice and grounds were not personally served on respondent's attorneys, they admit having received them in time, *held* that Circuit Court had jurisdiction of the appeal.

Before PRINCE, J., Fairfield, September, 1905. Affirmed.

Action by S. A. Wright against Southern Railway, in magistrate court. From order modifying magistrate judgment, plaintiff appeals.

*Messrs. Ragsdale & Dixon,* for appellant, cite: Code of Proc., 360, 410; 42 S. C., 113; 19 S. C., 145; 54 S. C., 545.

*Mr. W. H. Townsend,* contra (oral argument).

April 5, 1906. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The action, in magistrate court of Fairfield County, was to recover $1.18, the value of goods lost or destroyed by the defendant railway company, and also $50 as the penalty prescribed by the act of the General Assembly of 1903. The magistrate rendered judgment for the plaintiff for $51.18. The defendant appealed from such judgment. Judge Prince, before whom such appeal came on to be heard, held that the judgment below should be modified to the extent that the penalty of $50 should be disallowed. The following is the judgment of Judge Prince:

"On hearing the appeal of the defendant from the judgment of the magistrate rendered in the above cause, the motion of the plaintiff to dismiss the appeal on the ground that notice of appeal was not personally served, is overruled, I hold that service on the attorneys for the plaintiff by mail is sufficient compliance with the statute. On hearing the exceptions of the defendant the judgment of the magistrate is modified to the extent that the penalty of fifty dollars is disallowed."

From the judgment the plaintiff appealed on the following grounds:

"First. Because his Honor erred in holding that it was unnecessary for the defendant to serve plaintiff or his attorneys personally with the notice and grounds of appeal from the magistrate's judgment herein.

"Second. Because his Honor erred in holding that a service on the plaintiff's attorneys by mail of the notice and grounds of appeal from the magistrate's court was sufficient to give jurisdiction to the Court of Common Pleas to hear the appeal in this case.

"Third. Because his Honor erred in ruling and holding that the acceptance of the service by the magistrate of the notice and grounds of appeal to the attorneys of the plaintiff without any personal service of the said notice and grounds of appeal upon the plaintiff or of personal service of the same on plaintiff's attorneys, was sufficient service to give the Court of Common Pleas jurisdiction to hear the appeal in this cause, when he should have held that there was no legal service of the notice and grounds of appeal whatever upon the plaintiff of record, and the simple admission of the plaintiff's counsel at the hearing of the motion to dismiss the appeal, that they had received through the mails a copy of the notice and grounds of appeal on the fifth day after the rendition of the judgment by the magistrate in favor of the plaintiff, did not establish any service of the notice and grounds of appeal sufficient, proper and legal, as is contemplated by sec. 360, vol. 2, of the Code of Laws, 1902."

The appellant here relies solely upon the question of the Circuit Court having obtained jurisdiction to hear this appeal from the judgment rendered by the magistrate who heard and decided the issue between the parties litigant and in favor of the appellant. The question depends upon the construction of sec. 360, of vol. 2, of the Code of Laws, 1902. The section is as follows: "The notice of appeal must, within the same time (five days after judgment) be served upon the magistrate personally, if living within the county, or on his clerk, if there be one, and upon the attorneys for the respondent, or on the respondent personally, or by leaving it at his residence with some person of suitable age; or in case the respondent is not a resident of such county or cannot after due diligence be found therein, in the same manner on the agent, if any, who is a resident of such county, who appeared for the respondent on the trial; and if neither respondent nor such agent or attorney can be found in the county, the notice may be served on the respondent by leaving it with the clerk of the appellate Court."

This Court held in the case of *Bigham* v. *Holliday*, 52 S. C., 528, 30 S. E., 485, that the service of the notice of appeal upon the magistrate must be personally within five days after judgment, for so the statute expressly requires. In the case at bar, the respondent, with very commendable candor, admits that he received through the mail such notice of appeal on the 5th day after judgment, but he claims that the statute regulating appeals does not provide for a service upon him by mail. Certain it is that the appellant received the notice within the time required by the statute. Such being the case, it seems to us that the Circuit Court was clothed with jurisdiction. Section 410 of 2d vol. of Code of Laws expressly provides for service of notice of appeal by mail where the person making the service and the person to whom the service is to be made reside in different places, between which there is a regular communication by mail.

Having reached this conclusion, the judgment of the Circuit Court must be affirmed.

It is the judgment of this Court, that the judgment of the Circuit Court be, and it is hereby, affirmed.