### 7611

### TOWN OF BRANCHVILLE v. FELDER.

1. MUNICIPAL COURTS—WARRANT—ARRESTS.—Where there is nothing in the record in an indictment in a mayor's court for selling liquor to show the offense was committed in presence of the officer or under such circumstances of emergency as would justify an arrest without a warrant, accused may demand a warrant before trial.

2. WITNESSES—JURY—APPEAL.—Where a defendant in a mayor's court waives the requirement that the witnesses sign their testimony and does not demand a jury until trial begun, he should not urge these points as errors.

Before GAGE, J., Orangeburg, January term, 1910. Reversed.

Indictment by Town of Branchville against Warren Felder. From order of Circuit Court affirming mayor's judgment, defendant appeals.

*Mr. Jno. J. Jones,* for appellant.

*Solicitor Hildebrand,* contra.

July 13, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The defendant was convicted before the mayor's court of the town of Branchville of the offense of selling liquor in violation of the town ordinance. The appeal is from an order of the Circuit Court affirming the judgment of the mayor's court.

At the call of the case in the mayor's court, defendant's counsel demanded that a warrant be issued before trial. The demand was refused. There is nothing in the record to indicate that the offense was committed in the presence of the officer who made the arrest, or that there were such circumstances of emergency as to justify the officer in arresting without a warrant. This being so, the defendant was entitled to demand that a warrant be issued before his trial. *State* v. *Sims,* 16 S. C., 486; *Percival* v. *Bailey,* 70 S. C., 72, 49 S. E., 7; *State* v. *Byrd,* 72 S. C., 104, 51 S. E., 542. The exception on this point must be sustained.

It appears from the report of the mayor that the defendant expressly waived the requirement of the statute that the witnesses should sign their statements, and that the defendant's demand for a jury trial was not made until the Court had entered on the trial, and taken a part of the testimony. Hence the exceptions on these points must be overruled.

The judgment of this Court is that the judgment of the Circuit Court be reversed.