14523

**STATE v. CAIN**

(192 S. E., 399)

 November, 1935. 

Messrs. *Hughs & Hughs*, for appellant, cite: 

Mr. *Rufus Fant*, Solicitor, for the State.

August 3, 1937.

The opinion of the Court was delivered by MR. CHIEF JUSTICE STABLER.

Late in the afternoon of Thanksgiving Day, 1931, one Edrew Gibson, who apparently had been dead for several days, was found in a body of wood more than a mile from his home, his death having been caused by a gunshot wound somewhat on the side and toward the rear of his head. On the following Saturday, Aaron Cain was arrested and charged with the murder of Gibson. To establish the guilt of the accused, the State relied entirely upon circumstantial evidence, and statements and acts of the defendant. On the first trial, in November, 1934, the jury could not agree and a mistrial was ordered. On the second, in November, 1935, the defendant offered no testimony, but moved, at the close of the State's case, for a directed verdict of not guilty, on the ground that the circumstances did not measure up to the requirement "that they must be consistent with the defendant's guilt and inconsistent with any other reasonable hypothesis," and that the evidence was not sufficient to sustain a verdict of guilty, beyond a reasonable doubt, as the circumstances proved were "entirely consistent with the innocence of the accused." The motion was overruled, and the jury found the defendant guilty of murder with recommendation to the mercy of the Court. A motion for a new trial was then made and refused, and the case is now here on appeal.

Did Judge Dennis commit error in overruling the defendant's motion for a directed verdict? We have given to this

question, which counsel for the appellant has argued with much force and earnestness, painstaking consideration and careful thought. As there must be a new trial, we do not deem it proper to discuss the testimony. It is sufficient to say that we find some evidence in the record which justified the submission of the case to the jury. Mr. Justice Bonham and Mr. Justice Baker, however, under their view of the evidence, are of opinion that the defendant was entitled to a directed verdict upon the grounds of his motion therefor. But should this Court not order such a verdict to be entered up—as it does not—they concur, for the reasons that follow, in the conclusion reached that a new trial should be granted.

The able and conscientious Circuit Judge, in the admission of evidence and in his rulings, was most careful on trial of the case to safeguard the defendant's rights; but, in instructing the jury with reference to murder and malice as an essential ingredient thereof, he charged them, according to the record, as follows: "Malice, in law, is the doing of an unlawful act without justification or excuse." The complaint is that "the definition as given was incorrect in that the Court failed to charge one of the essential elements of legal malice, to wit: The *intentional* doing of an unlawful act, which error was highly prejudicial to the defendant."

Under our decisions, the exception raising this question must be sustained. In *State v. McDaniel,* 68 S. C., 304, 47 S. E., 384, 387, 102 Am. St. Rep., 661, the following definition of "legal malice" was held to be correct: "In its general signification, 'malice' means the doing of a wrongful act intentionally, without justification or excuse." In *State v. Howell,* 162 S. C., 394, 160 S. E., 742, the Court, speaking through Mr. Justice Bonham, stated that "the very essence of malice is that the wrongful act must have been done intentionally *and without just cause or excuse.*" Further citation of authority is unnecessary; but see *State v. Doig,* 2 Rich., 179; *State v. Byrd,* 72 S. C., 104, 51 S. E., 542; *State v. Ferguson,* 91 S. C., 235, 74 S. E., 502.

It is argued by the solicitor that, under the evidence in the case at bar, the leaving out of the word "intentional" could not have been prejudicial to the defendant. We are not, however, in agreement with this view. As stated in the *Howell case, supra,* "the error was of the most vital consequence, and we are unable to say what effect it had upon the minds of the jurors."

In view of the conclusion here reached, we deem it unnecessary to consider the other questions presented by the appeal.

The judgment of the Circuit Court is reversed, and the case remanded for a new trial.

MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.