15123

TOWN OF HONEA PATH v. WRIGHT

(2 cases)

(9 S. E. (2d), 924)

462

*Mr. Leon W. Harris,* for appellant,

*Mr. A. H. Dagnall,* for appellant,

July 9, 1940.

The opinion of the Court was delivered by Mr. Justice Fishburne.

The defendant, Leon B. Wright, was convicted before the mayor's court in the Town of Honea Path of the offense of driving an automobile in town while under the influence of intoxicating liquors. The case was tried before the mayor and a jury on February 15, 1940, and resulted in a verdict of guilty, with recommendation to mercy. This verdict was returned at approximately six o'clock P. M. on February 15th, and the mayor sentenced him to pay a fine of $75.00 or to serve an imprisonment of thirty days. Immediately after the imposition of the sentence, defendant gave a verbal notice to the mayor of intention to appeal, and was released under bond pending the appeal.

Just prior to 5:30 P. M. on February 16, 1940, the attorney for the defendant mailed at the Anderson post office an envelope addressed to the mayor at Honea Path, enclosing a written notice of intention to appeal. This envelope was stamped at 5:30 o'clock p. m., at the Anderson post office, but was not received by the mayor until approximately nine o'clock A. M. on February 17th—more than twenty-four hours after sentence had been passed. The mayor accepted service at Honea Path as of February 17th. Neither the attorney representing the town, who phrased the acceptance, nor the mayor interposed any objection at that time that the notice of intention to appeal was not served within twenty-four hours. However, before the appeal was heard by the Circuit Court on April 9, 1940, a motion was made by the Town of Honea Path to dismiss it, upon the ground that it had not been served within due time after the imposition of the sentence.

The Court, Judge Featherstone presiding, overruled the motion upon the ground that it was too technical. Judge Featherstone then heard the appeal, and ordered that the sentence be modified. He directed that the defendant pay a fine of $37.50 or serve thirty days imprisonment, upon the

ground that the fine was excessive, the jury having recommended mercy. The defendant likewise appealed from the sentence and judgment of the mayor's Court upon the ground that he had been tried without formal charges having been preferred against him, and without the issuance of a warrant. This ground of appeal was overruled.

We first consider whether the notice of appeal from the conviction in the mayor's Court was served in time. The town is appealing on this issue.

Three sections of the Code deal with appeals from municipal Courts.

Section 952, Subdivision 6, provides that notice of appeal in writing must be given within twenty four hours after the sentence has been passed, and that the appellant must enter into bond to appear and defend before the appellate court at the next ensuing session.

Section 954 carries a similar provision with reference to an appeal taken from the sentence or judgment of a city recorder. And Section 7258 contains a similar provision for appeals from decisions of the mayor *pro tempore* or city or town council.

It is conceded that the written notice of appeal was not received by the mayor of Honea Path within twenty-four hours after the imposition of the sentence. But the defendant contends that the service was made within due time because it was deposited in the post office at Anderson, addressed to the mayor at Honea Path, at 5:30 o'clock P. M. on February 16, 1940, and that this having been done before the expiration of the twenty-four-hour period, the various statutes were complied with.

In *State v. Funderburk*, 130 S. C., 352, 126 S. E., 140, 141, the Court held that the same rule applies in criminal cases as in civil cases with reference to the service by mail of notice of intention to appeal. In the *Funderburk case* the Court upheld the right to mail the notice of intention to appeal from the judgment of a magistrate, and said: "This

service by mail is sufficient, in as much as it was actually received within due time."

We think, however, that in view of the extremely limited time within which appeals may be taken from the decisions of a mayor's Court, a more correct rule is announced in the case of *Walters v. Laurens Cotton* Mills, 53 S. C., 155, 31 S. E., 1. In that case the Court had under consideration the question of the service of notice of intention to appeal, which the Code requires to be in writing and served within ten days after the rising of the Circuit Court. The notice of appeal was deposited in the post office on the afternoon of the tenth day after the rising of the Court, but did not reach respondent's attorneys at Columbia by mail until the eleventh day. The Court held that the service was complete from the time the notice was deposited in the post office addressed to the person upon whom it was to be served.

In *Wright v. Southern R. Co.,* 74 S. C., 27, 54 S. E., 211, it was held that service by mail of notice of intention to appeal from a judgment of a magistrate's Court was sufficient, although the statute required the notice of appeal to be served upon the magistrate personally.

And in *Royal Exchange Assur. of London v. Bennettsville, etc., C. R. Co.,* 95 S. C., 375, 79 S. E., 104, an amended complaint, ordered to be served within a given time, was mailed on the last day of the time specified and received the following day. This service was held to be good. It is our opinion, therefore, in the light of the foregoing authorities that the defendant's notice of intention to appeal was served within due time.

Nor do we think the court erred in exercising the right to modify the sentence of the mayor's Court by reducing the amount of the fine. The Court was clothed with this power under Section 804 of the Code, which provides, among other things: "Upon hearing the appeal, the appellate court shall give judgment according to the justice of the case, without regard to technical errors and

defects which do not affect the merits. In giving judgment, the court may affirm or reverse the judgment of the court below, in whole or in part * .* *." The discretionary power of the Court to alter judgments of the lower Court has been sustained in *Goldstein v. Southern R. Co.*, 80 S. C., 522, 61 S. E., 1007, and *Neville Bros. v. Kelley*, 94 S. C., 112, 77 S. E., 743.

The defendant contends that his trial before the mayor was illegal and a nullity, upon the ground that no formal charge was preferred against him, and no warrant was issued setting forth the nature and grounds of the accusation preferred against him, supported by oath or affidavit.

It is admitted that the defendant was tried in the mayor's Court without the issuance of a warrant. There being no warrant, the jury wrote their verdict on a blank piece of paper. It is also admitted that the defendant made no demand for a warrant before or after trail. The point was first made on appeal to the Circuit Court. The respondent, town, contends that it is not necessary to issue a warrant in a municipal Court, where the arrest is made for an offense committed in the presence and view of the police officers, as was the case here, and that if it should be held that a warrant is necessary under such circumstances, the defendant by his conduct waived it.

Section 952 of the Code provides: "The intendants or mayors of the cities and towns of this State * * * shall have all the powers and authority of magistrates in criminal cases within the corporate limits and police jurisdiction of their respective cities and towns, .* * *." Section 7244 contains a similar provision.

Section 930 of the Code provides:

"All proceedings before magistrate in criminal cases shall be commenced on information under oath, plainly and substantially setting forth the offense charged, upon which, and only which, shall a warrant of arrest issue.

"The information may be amended at any time before trial.

"All proceedings before magistrates shall be summary, or with only such delay as a fair and just examination of the case requires."

In *Town of Branchville v. Felder,* 86 S. C., 280, 68 S. E., 575, 576, the defendant had been arrested by a police officer without a warrant. At the call of the case in the mayor's Court defendant's counsel demanded that a warrant be issued before trial. The demand was refused. The court said: "There is nothing in the record to indicate that the offense was committeed in the presence of the officer who made the arrest, or that there were such circumstances of emergency as to justify the officer in arresting without a warrant This being so, the defendant was entitled to demand that a warrant be issued before his trial. *State v. Sims,* 16 S. C. 486; *Percival v. Bailey,* 70 S. C. 72, 49 S. E. 7; *State v. Byrd,* 72 S. C. 104, 51 S. E. 542."

The respondent takes the position that the holding of the Court, by implication, was equivalent to saying that if the offense were committed in the arresting officer's presence, or if the emergency was such that the officer could arrest without a warrant, then in that case the defendant was not entitled to have a warrant issued before trial. Superficially, the phraseology used by the Court and quoted above may be so construed, but not in the light of the three cases which were cited by the Court. In all three of those cases the Court dealt solely with the right of an officer to arrest one committing an offense in his presence, without a warrant. Apparently, the provision of Section 930, which requires that all proceedings before a magistrate in criminal cases shall be commenced on information under oath, was not presented to nor considered by the Court.

We think the question at issue is controlled by the case of the *State v. Praser,* 1934, 173 S. C., 284, 175 S. E., 551. In that case the defendant was brought to trial before the

recorder of the municipal Court of the City of Sumter, upon the charge of breach of the peace, for which he was tried, convicted and sentenced. It appears that while the defendant was yet in the recorder's Court, a charge of vagrancy was orally made against him and entry thereof was made on the crmiinal docket of said Court. Upon this charge he was placed upon trial, and was convicted and sentenced. The defendant applied to the Circuit Court for a writ of *Habeas Corpus,* and asked for his discharge from custody upon the ground that his conviction under the vagrancy charge was illegal, for the reason that no warrant had ever been issued charging him with vagrancy. In its return, the City of Sumter admitted the conviction and sentence of the defendant, but alleged that before the trial for vagrancy was begun he was asked if he would waive the issuance of the warrant, to which he agreed. The defendant offered an affidavit showing that he did not know the meaning of the word "waived", and that if he actually stated that any of his rights would be waived, he did not know the meaning and effect of his statement.

The Circuit Court, without referring to the issue of waiver, held that the trial was illegal and the sentence void, because the defendant was tried without a warrant. This Court upon appeal by the State, upheld the judgment of the lower Court, upon the ground that Section 930 of the Code requires that all proceedings in criminal cases before magistrates shall be commenced by information under oath; and did this without any discussion of the question of waiver.

There is a marked difference between the arrest of an offender by an officer without a warrant, and proceedings before a magistrate which include formal charges supported by oath, bail, and trial. Nor does the provision in Section 930, to the effect that proceedings before magistrates shall be summary, dispense with the very process which gives them jurisdiction. Without doubt, the administration of the law, and the rights of persons charged

with crime can best be served by a due observance of statutory requirements. It is the constitutional right of a person charged with a criminal offense to be fully informed of the nature and cause of the accusation. Article I, Section 18 of the Constitution. When a warrant is issued, substantially setting forth the offense, and the verdict of the jury, or that of the magistrate, is endorsed thereon, this paper becomes original evidence, and prevents any possibility of the prisoner being again tried for the same offense. And this was no doubt one of the reasons which moved the Legislature to require that all prosecutions be commenced by the issuance of a warrant. And because the rights of the accused are not only of interest to him, but concern the State, the statutory requirement may not be waived.

It follows that the mayor's Court had no jurisdiction of the defendant, and its judgment is a nullity.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and STUKES and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.