### 20651

Janie INABINET, Respondent, v. The HOUSING AUTHORITY OF the CITY OF COLUMBIA, South Carolina and the Honorable John B. Halloran, Magistrate for Richland County, Appellants.

(242 S. E. (2d) 905)

*John S. Taylor, Jr.,* of *Robinson, McFadden, Moore & Pope,* Columbia, *for Appellants,*

*John W. Foard, Jr.,* of Columbia, *for Respondent.*

March 21, 1978.

RHODES, Justice:

The Housing Authority of the City of Columbia instituted proceedings to evict respondent, a tenant in a public housing project. After a hearing, Magistrate John B. Halloran ruled that the respondent had breached the terms of her lease agreement and ordered her to quit the public housing premises. She appealed to the Richland County Court. The Housing Authority moved to have the appeal dismissed contending that it had not been properly perfected because notice of intention to appeal had not been personally served upon the magistrate as required by statute. The lower court denied the Housing Authority's motion. We reverse.

Under S. C. Code § 18-7-20 (1976), which relates to appeals from magistrates to circuit and county courts, it is provided that "[t]he appellant shall, within ten days after written notice of judgment has been given him or his attorney by the magistrate . . . (except when the judgment is announced at the trial in the presence of the appellant or his attorney in which event no written notice shall be necessary), serve a notice of appeal . . .." Code § 18-7-40 provides in part that "[t]he notice of appeal must, within the same time, be served on the magistrate personally, if living and within the county, or on his clerk, if there be one . . .."

It is clear from the record before us that the respondent has not complied with the latter statutory provision. Notice of intent to appeal was not personally served upon the magistrate. Nevertheless, the respondent contends that there was substantial compliance with § 18-7-40 in that notice of intent to appeal was timely mailed to the magistrate.

Although the respondent cites no authority in support of her position, this Court has, under appropriate circumstances, found substantial compliance with the provisions relating to service of notice upon the magistrate. *Wright v. Southern Ry.,* 74 S. C. 27, 54 S. E. 211 (1906); *Baker v. Irvine,* 58 S. C. 436, 36 S. E. 742 (1900).

In *Wright, supra,* this Court found substantial compliance with the statute where the notice was mailed and, by the admission of the magistrate, was actually received by him within the statutory period. In the present case, there has been no showing that the magistrate received the notice. Instead, the respondent rests her argument solely on a showing that notice was mailed. Without more, this is insufficient to show substantial compliance with the statute for this Court has expressly held that merely mailing notice within the statutory period does not satisfy the requirement that service be made personally upon the magistrate. *Bigham v. Holliday,* 52 S. C. 528, 30 S. E. 485 (1898).

The respondent having failed to comply with or show substantial compliance with the provisions of § 18-7-40, it was error for the lower court to entertain the appeal from the magistrate's court. Accordingly the judgment of the magistrate's court is reinstated.

In view of the above disposition, it is not necessary that we reach the other questions which have been raised.

Reversed.

LEWIS, C. J., and LITTLEJOHN, NESS and GREGORY, JJ., concur.