No. 12,757.

LEWIS W. LYONS VS. DANIEL S. CARROLL.

### SYLLABUS.

1. Where three defendants are sued for damages for false imprisonment and malicious prosecution, and the suit is dismissed as to two of them, who are police officers, on exception of no cause of action, it is the case against them *as presented by the petition* which must be considered in determining the correctness *vel non* of the judgment of dismissal—not the case as developed by the evidence on the trial of the merits as to the other defendant.

2. If, *from the petition* it appears that the officers of the law acted on probable cause in arresting the plaintiff, then no cause of action as to them is disclosed, and the judgment of dismissal must be sustained, notwithstanding on the trial of the merits, as to the other defendant, it develops such defendant did not instigate the arrest and the officers acted without probable cause.

3. Those who honestly seek the enforcement of law and the administration of justice, and who are supported by circumstances sufficiently strong to warrant a cautious man in the belief that the party suspected may be guilty of the offense charged, should not be made unduly apprehensive that they will be held answerable in damages.

APPEAL from the Civil District Court, Parish of Orleans.—
Ellis, J.

*Gurley & Mellen,* for Plaintiff, Appellant.

*Ambrose Smith,* for Defendant, Appellee.

The opinion of the court was delivered by

BLANCHARD, J. Plaintiff sued Daniel S. Carroll, Richard H. Kerwin and Ferdinand DeRance for damages caused by his illegal arrest and imprisonment on a charge of larceny.

The thing alleged to have been stolen was a diamond stud taken from the shirt front of Carroll while drinking with several persons in a saloon.

The loss was reported to the police, who obtained the names of five or six persons with whom Carroll had kept company the night the diamond stud was stolen, among them that of plaintiff, though it developed the latter was not with him at the time the jewel was taken.

Kerwin and DeRance were detective officers of the police force, and it was they who arrested the plaintiff. The arrest was made on suspicion and without warrant.

All the defendants filed exceptions of no cause of action, which the trial court sustained in so far as Kerwin and DeRance were concerned and dismissed the suit as to them.

From this judgment of dismissal the present appeal is prosecuted.

The exception referred to was overruled as to defendant Carroll and the case against him proceeded to trial, with the result that there was judgment in his favor, rejecting the demand of the plaintiff, and this judgment was, on appeal here, affirmed. See 51 La. Ann. 1542.

The ground upon which the trial court and this court relieved Carroll of liability for damages was that it was not proven he had instigated the prosecution and that he had caused plaintiff's imprisonment.

With reference to the charge of larceny made against the plaintiff, the trial court declared he was wholly innocent of the theft of the diamond; that he was the victim of circumstances; like poor Troy he had been in bad company.

With reference to the same charge this court went even further. It declared not only that the plaintiff was entirely innocent, but that he was absolutely blameless, that there was no probable cause justifying action against him, that the officers committed an error in taking him into custody, and that his arrest was solely their act and was not done at the instance of Carroll.

On these conclusions thus judicially arrived at as the result of the trial of the case against Carroll, it would seem to follow that if plaintiff had no case against Carroll, he ought to have one against the two detective officers, Kerwin and DeRance, who are found by the opinion of the court to have acted without probable cause in arresting and imprisoning him.

But it must be remembered that the dismissal of the suit as to them was on their exception of no cause of action, which was tried on the face of the petition and before the case as to Carroll was tried on its merits.

Therefore, it is the case *as presented by the petition* against Kerwin and DeRance which must be considered in determining the correctness *vel non* of the judgment of dismissal— not the case *as developed by the evidence on the trial on the merits against Carroll.*

If, *from the petition,* it appears that the officers of the law acted on probable cause in arresting the plaintiff, then no cause of action as to them is disclosed, and the judgment appealed from must be sustained.

This is admitted by plaintiff's counsel in their brief who say:—

It is elementary that an officer has no right to arrest a person for a misdemeanor unless the officer is a witness to the act, but that he may make an arrest for a felony when he has probable cause to believe that a felony has been committed and that the party charged is guilty. The charge against Lyons was larceny, which is a felony, and he was arrested without a warrant. The arrest and imprisonment were, therefore, illegal, if made without probable cause.

Taking, then, the allegations of the petition as true for the purpose of the trial of the exception, do they show probable cause?

There is an allegation that Carroll reported the theft of the jewel to Kerwin and DeRance as police officers, and another that he gave the officers the names of those whom he suspected and charged with having committed the theft, or of being implicated therein, and whom he wanted arrested and prosecuted therefor, and among the names so given by Carroll was that of the plaintiff.

There is a further allegation to the effect that on the evening following the theft, Kerwin and DeRance met the plaintiff on the street and were having some conversation with him, walking along the street with him at the time, when they met Carroll, who stopped to talk with the officers, and that thereupon Kerwin asked Carroll if the plaintiff was one of the parties—meaning one of the parties whom he (Carroll) suspected of being implicated in the crime—and Carroll answered "yes." Whereupon the plaintiff remonstrated with Carroll and declared his innocence, notwithstanding which Carroll, then and there, in reply said:—"Never mind, I will fix you," or words to that effect, and walked away.

Then it was, as alleged in the petition, that the officers arrested the plaintiff, took him off to the police station, and "there charged him with the robbery of the diamond stud, on the complaint of Daniel S. Carroll."

He was locked up, but some hours later gave bond and was released.

The next day another police officer, named Simone, made affidavit "on information received" charging plaintiff with the theft.

When the cause came before the police court for trial he was acquitted and discharged.

State ex rel. Bank vs. Judge.

Another allegation found in the petition directly attributes the arrest, imprisonment and prosecution of the plaintiff to the information given by Carroll and charges that the same was done at Carroll's instance and request.

On this showing it cannot be said the police officers acted without probable cause, and that they, under the circumstances, transcended the reasonable limits of their duty in taking the plaintiff into custody.

They were called upon as officers of the law to perform a public duty, to-wit, ferret out and arrest parties thought to have committed an infraction of the criminal laws, and from what occurred, as narrated in the petition, we are unable to reach the conclusion that they did not have grounds for believing, for entertaining an honest and reasonable suspicion that the plaintiff was one of the guilty parties. See Womack vs. Fudiker, 47 La. Ann. 36.

Those who honestly seek the enforcement of law and the administration of justice, and who are supported by circumstances sufficiently strong to warrant a cautious man in the belief that the party suspected may be guilty of the offence charged, should not be made unduly apprehensive that they will be held answerable in damages. Breaux's Digest, p. 705, No. 12, Ib. p. 706, No. 19.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed.