## STATE v. GRIFFIN.

ARREST.—A private person may arrest one for committing a felony upon information of such a nature as to convince a reasonable man that the act had been committed from which the law presumes the felony, although the information may not be true.

Before PRINCE, J., Fairfield, September, 1905.   Affirmed.

Indictment against Sol Griffin for murder. From sentence on verdict of manslaughter, defendant appeals.

*Messrs. Buchanan & Hanahan,* for appellant, cite: 2 Hales P. C., 78, 82, 83; 1 East. P. C., 67, 68, 69; Ros. Cr. L., 240; Voorhies on Ar., 112; 6 Bunn (Pa.), 316; 1 Hawks, 457; 1 Hill, 220; 50 S. C., 426; 53 S. C., 150; 36 S. C., 496; 2 Sedd. Nisi Prius, 934; 44 Am. Dec., 293, note; 9 Am. Dec., 658; 1 Chitty Cr. L., 17.

*Solicitor J. K. Henry,* contra, cites: 1 Hill, 223; 2 Ency., 789; 72 S. C., 807; 13 Stat., 377.

June 25, 1906.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The facts are thus stated in the record:

"This case was tried at the September Term, 1905, for Fairfield County, Hon. George E. Prince presiding.   Indict-

ment for murder in usual form. Verdict manslaughter. The defendant went to Red Hill Church. He began cursing on the church grounds. Toliver was marshal appointed by the church trustees to keep order. The defendant began cursing on the church grounds. Toliver spoke to defendant about it and advanced towards defendant with a stick in his hand. The defendant began firing his pistol. The outcry was made that Toliver was killed. The crowd pursued. Defendant presented pistol. Some of the crowd got sticks and rocks and pursued, when the deceased without arms came near in pursuit and said, we will take you back to give an account for what you have done. Defendant took aim and fired, killing deceased, Tom Moore. The crowd began shooting, throwing rocks and sticks. One secured a gun and shot the defendant down and captured him, hitting him with the butt of his gun. Toliver was not killed, but was shot at by the defendant and reported killed in the pursuing crowd; he was at the trial and testified. The testimony by the State was that Moore did not shoot; the defendant testified that Moore was shooting, and it is admitted that Moore was killed about one-third of a mile from the church ground while in pursuing crowd."

The defendant appealed upon five exceptions, but they raise in different form the question assigned as error in the fifth exception, which is as follows:

"That his Honor erred in charging the jury in response to a question from the foreman of the jury: Foreman of the jury: 'Suppose that the parties seeking to make the arrest have certain information that they believe which proves to be untrue?' The Court: 'I have charged you that that justifies them in making the arrest, if it does turn out afterwards to be untrue, provided the information was certain and definite and such as would cause a man of ordinary prudence and reason to have accepted them as true.' The error being in making the right to arrest depend upon the question of the information possessed by the parties seeking to make the

arrest and not upon. the question of whether the defendant had committed a felony."

⌈Section 1 of the Criminal Code is as follows: "Upon view of felony committed, or upon certain information that a felony has been committed, or upon view of a larceny committed, any person may arrest the felon or thief, and take him to a judge or magistrate, to be dealt with according to law."⌉

This statute (except that portion relating to larcenv) was enacted in 1866. Prior to the enactment of said statute, the rule of law prevailing in this State is stated as follows in the case of *State* vs. *Anderson,* 1 Hill, 327, 339: "The homicide actually committed, constitutes the authority to arrest; it is a felony until matter in excuse be shown; it authorizes the grand jury to find a true bill, and thus put the prisoner on his trial, for life and death. Like the finding of stolen goods in the possession of one, he is legally regarded as the thief, until·he accounts for his possession; so he who of his own will, and not bv command of law, commits a homicide, is legally guilty of murder, until he shows that it was excusable in self-defense, or manslaughter by reason of sudden heat and passion from reasonable provocation given. . The party arresting is supposed to act with knowledge of the law; he is bound, therefore, to show that the prisoner has committed the fact from which the law raises the presumption of guilt. This is what I understand by being bound to show the prisoner's guilt, in order to justify his arrest by a private person. · A mere suspicion that he has done the act, will not justify the arrest, the proof must show that *prima facie* a legal felony was committed, and that the prisoner was the perpetrator."

It will thus be seen that it was incumbent on the person making an arrest to show the actual fact from which the law raised the presumption that a felony had been committed. He was not permitted to act merely upon information, although it might strongly tend to establish the fact from which the law inferred a felony.

It is but reasonable to suppose that the statute was intended to change the existing law. The statute would not have this effect unless it is construed as enabling the party making the arrest to act upon information although it might not be true, provided it was of such a nature as to convince a reasonable man that the act had been committed from which the law presumed the felony by the person arrested. The word "certain" is used in the sense of trustworthy, capable of being depended upon, credible, positive, or reliable, and has reference to the evidence or information upon which the person making the arrest is allowed to act, and not to the actual fact that a felony has been committed. When the information was certain, in the sense hereinbefore mentioned, any person has as much right to make the arrest as if acting by virtue of a warrant issued by a regularly authorized officer of the law, and it was the corresponding duty of the person supposed to have committed the felony, to submit to the arrest.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.