15205

BURTON v. McNEILL

(13 S. E. (2d), 10)

*Mr. Dakyns B. Stover,* for appellant,

*Messrs. J. G. Leatherwood* and *W. E. Bowen,* for respondent,

January 17, 1941.

The opinion of the Court was delivered by MR. ASSOCIATE JUSTICE CARTER.

This case and a companion case entitled James Cason, by his guardian *ad litem* J. A. Cason, against the appellant, were commenced on December 26, 1939, damages in the sum of $5,000.00 being asked in each instance. The facts in the two cases are identical, and by agreement of the parties, they were consolidated for trial.

Plaintiff alleges that on the 21st day of June, 1939, he and a companion being "in the vicinity of that vacant house located at the corner of Perry Avenue and Willis Street

in the City of Greenville, and observing the door to said vacant house open, decided to, and did go therein"; that they had been in the house only a few moments when defendant appeared on the scene. who, in an angry and violent mood, and with curses and threats on plaintiff's life, took him and his companion into custody and brought them to the Police Department in the City of Greenville where they were placed in jail; that defendant was not an officer of the law and had no legal right or authority to arrest, imprison or deprive him of his liberty; that as a direct and proximate result of such "illegal, unlawful, wilful and wanton" acts in depriving him of his liberty and causing him to be placed in jail, he was injured and damaged in the sum of $5,000.00.

Defendant, answering, sets up three defenses, the first of which was a general denial. By his second defense he alleges that at the time stated in the complaint he received certain information that a felony had been committed, in that certain persons had broken into and entered his house, and that, acting upon said information, he immediately went to his house and found the door broken open and discovered the plaintiff and a companion inside, whereupon he demanded that they accompany him to police headquarters, where they were turned over to the authorities to be dealt with according to law; that defendant acted as any lawabiding citizen would have acted upon the information received, and for the proper enforcement of the law and the protection of his property, exercising the rights given him as a private citizen. The third defense alleges that on two prior occasions the house had been broken into and set on fire, causing defendant much expense and damage; that upon information that the plaintiff and a companion had broken and entered his house appellant reasonably assumed that they were either the guilty parties committing the former felonies, or that they intended to commit a like crime, and he demanded that they accompany him to police headquarters, where they were turned over to the proper authorities.

On trial, defendant's motion for a directed verdict was refused, and the case was submitted to the jury, who found for plaintiff $1,000.00 actual and $1,500.00 punitive damages. Defendant thereupon asked for a new trial. By his order, the trial Judge overruled such motion, but granted a new trial *nisi* requiring plaintiff to remit $1,000.00 for the punitive damages awarded, which condition was complied with. The case is now brought to this Court on appeal.

By the first exception appellant charges the trial Judge with error in refusing to grant the motion for a directed verdict, on the ground that "the evidence conclusively showed, and was susceptible of no other inference, that the appellant acted upon receipt of certain information that a felony had been committed, and was, therefore, justified in his acts even though in fact a felony had not been committed or the respondents were not the guilty parties."

Section 907 of the Code of 1932 reads in part that "upon certain information that a felony has been committed * * * any person may arrest the felon or thief * * *."

The certain information alleged to have been received by appellant that a felony had been committed was that Billy Mattox, a boy of eleven years of age, came to McNeill's home on a bicycle and said that he had heard a noise in the house in question which "sounded awful," appellant stating that the boy "ran up on the steps and said a bomb had gone off in your house."

In *Bushardt v. United Investment Co.*, 121 S. C., 324, 113 S. E., 637, 640, 35 A. L. R., 637, this Court said: "Even 'private persons are permitted to arrest, where a felony has been committed and there are reasonable grounds to suspect the party arrested to be the felon.' 'Suspicion' implies a belief or opinion as to guilt based upon facts or circumstances which do not amount to proof." And in *Lyons v. Carroll*, 107 La., 471, 31 So., 760, 761, we find: "Those who honestly seek the enforcement of the law * * * and who are supported by circumstances sufficiently strong to warrant a cautious man in the belief that the party sus-

pected may be guilty of the offense charged, should not be made unduly apprehensive that they will be held answerable in damages." Also in *State v. Griffin,* 74 S. C., 412, 54 S. E., 603, 604, it is held: "The word 'certain' is used in the sense of trustworthy, capable of being depended upon, credible, positive, or reliable, and has reference to the evidence or information upon which the person making the arrest is allowed to act, and not to the actual fact that a felony has been committed. When the information was certain, in the sense hereinbefore mentioned, any person has as much right to make the arrest as if acting by virtue of a warrant issued by a regularly authorized officer of the law."

We turn now to the evidence in order to ascertain whether the message delivered by Billy Mattox to appellant was such certain information as would justify him, under the above rulings of the Court, in acting as he did. Testimony for McNeill was to the effect that on two occasions previous to the time in question the house had been broken into and set on fire; that, because of these former felonies, he had been doing everything possible to catch the guilty parties and protect his property, to which end he and his son had alternated in sleeping in the house at night. There was also testimony that, upon finding the boys in the house, and before taking them to police headquarters, appellant and his son immediately made an investigation of the house and found that a fresh nuisance had been committed in one of the rooms.

We think that appellant, upon receipt of the information that an "awful noise" had been heard in the house, acted as any reasonable and prudent man would have under the circumstances, when he rushed to the house in order to investigate; and upon finding the boys in the house, with the door and window open, it was only reasonable for him to conclude that they had broken into the house with the intent to commit a crime. Under Section 1139 of the Code of 1932, the breaking and entering of a dwelling house or other house, in the daytime, constitutes a felony if done with in-

tent to commit either a felony or other crime of a lesser grade. The testimony is undisputed that the house had been set on fire on at least two previous occasions; also that a fresh nuisance had been committed, even though the boys denied that they were responsible for such nuisance. Hence, the circumstances were sufficiently strong to warrant appellant, as a cautious man, in the belief that the boys were guilty of a felony, that is, that they had broken and entered the house with intent to commit either a felony or other crime of a lesser grade. Therefore, the only inference which could be drawn from the testimony was that appellant was justified under the statute; in making the arrest as he did and in turning the boys over to the authorities. A verdict should have been directed for the defendant. The first exception is sustained.

The above ruling renders unnecessary a consideration of the questions raised by the other exceptions.

The judgment of the Circuit Court is reversed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES BAKER and FISHBURNE concur in result.

MR. ASSOCIATE JUSTICE STUKES did not participate in this opinion.

MR. ASSOCIATE JUSTICE BAKER (concurring):

The opinion of Mr. Justice Carter gives an outline and synopsis of the pleadings; the result of the trial, and the action of the trial Judge on the motion for a new trial.

The case comes to this Court on various exceptions, but we need consider only the exceptions relating to the refusal of the Judge to direct a verdict in favor of appellant, defendant below.

Under the statute law of this State a private citizen has the right to make an arrest if such private citizen has "certain information that a felony has been committed," and take the person so arrested before a Judge or magistrate to be dealt with according to law. In the instant case, appellant, while not taking the respondent before "a judge or magistrate", took him to the police headquarters

of the City of Greenville, where he delivered him to the chief of detectives of the city police department. It would be quibbling to hold for all practical purposes and the intent of the statute that appellant did not comply with the statute law of this State (Section 907, Code of 1932), permitting him to make an arrest since he did not take respondent before "a judge or magistrate, to be dealt with according to law."

Section 1139 of the Code of 1932, reads as follows: "Housebreaking Which is Not Burglary—Felony.—Every person who shall break and enter, or who shall break with intent to enter, in the daytime, any dwelling house or other house, or who shall break and enter, or shall break with intent to enter, in the nighttime, any house, the breaking and entering of which would not constitute burglary, with intent to commit a felony or other crime of a lesser grade shall be held guilty of a felony, and punishable at the discretion of the court by imprisonment in the county jail or penitentiary for a term not exceeding one year."

The appellant is the owner of a house in the City of Greenville, which had been vacant for some time. Just before the last tenants who regularly occupied this residence moved therefrom, it caught on fire, apparently from incendiary origin. Some time after the tenants moved therefrom, the house was again set on fire, causing considerable damage and was from time to time broken into. In an effort to put a stop to this, appellant and his son had been alternating in sleeping in this house, but of course did not remain there during the daytime. However, upon leaving the house in the morning the doors and windows thereto were securely closed. There is testimony in the record that the doors of this house had been seen open from time to time while it was supposedly vacant, but there is no testimony that on the day of the alleged false imprisonment of respondent the doors of the house were not securely closed, except the testimony of the boys involved in the case, the respondent being one of them. But under the applicable law the facts

must be viewed from the standpoint of the owner of the house, the defendant-appellant herein, so as to determine if he acted as a reasonable and prudent person would have done under his knowledge of the circumstances.

A few minutes prior to appellant taking into custody the respondent and his companion, a small boy rushed to appellant's home and informed him that he had heard an awful noise in appellant's house, whereupon appellant and his son rushed to this vacant house and found therein respondent and a companion, and on the floor a 4x4 scantling which was used to bar a door to the house, which door was open, and it is a reasonable inference that the falling of the 4x4 scantling made the noise that had been heard. So it will be seen that from appellant's standpoint, his house had been broken into and the persons who had broken and entered the house were found therein. Before taking respondent and his companion to the officers of the law, appellant and his son made an investigation throughout the house to determine if possible the intent on the part of respondent and his companion in breaking and entering said house, and found evidence of a fresh nuisance which had been committed therein, amounting to at least a trespass. It is true that respondent and his companion denied that they were the ones guilty of having committed the trespass upon a trial of the case; but again we must view the facts from the appellant's standpoint, since he had the right to arrest respondent if he was acting "upon certain information that a felony had been committed," it being unnecessary as an actual fact that a felony had been committed in order to permit him, as a private citizen, to arrest respondent and take him before the proper officer of the law. As was stated in *State v. Griffin,* 74 S. C., 412, 54 S. E., 603, 604, in discussing the Act of 1866 (now Section 907 of the Code of 1932), and the change wrought in the law by the enactment of said statute: "It is but reasonable to suppose that the statute was intended to change the existing law. The statute would not have this effect unless it is con-

strued as enabling the party making the arrest to act upon information, although it might not be true, provided it was of such a nature as to convince a reasonable man that the act had been committed from which the law presumed the felony by the person arrested. The word 'certain' is used in the sense of trustworthy, capable of being depended upon, credible, positive, or reliable, and has reference to the evidence or information upon which the person making the arrest is allowed to act, and not to the actual fact that a felony has been committed. When the information was certain, in the sense hereinbefore mentioned, any person has as much right to make the arrest as if acting by virtue of a warrant issued by a regularly authorized officer of the law, and it was the corresponding duty of the person supposed to have committed the felony to submit to the arrest."

We are of the opinion that the only reasonable inference which can be drawn from all of the testimony, viewing it most favorable to respondent, is that the appellant acted upon trustworthy, credible, positive, and reliable information that a crime had been committed; and further that the evidence found at and in the house was of such a nature as to warrant a reasonable man in believing that a felony had been committed, and by the respondent and his companion.

There is not the slightest evidence or inference to be drawn therefrom that appellant after making the arrest held respondent and his companion for an unreasonable length of time before taking them to an officer of the law; in fact, the testimony shows that as soon as appellant completed his investigation inside of the house, which had been broken into and a trespass therein committed by someone, he took respondent and his companion forthwith to the chief of detectives of the police department of the City of Greenville.

In our opinion, the evidence conclusively shows and is susceptible of no other reasonable inference than that the appellant acted upon receipt of "certain" information and evidence that a felony had been committed, and to all ap

pearances by respondent and his companion, and he was therefore justified in arresting and taking them to an officer of the law, even though in fact respondent and his companion were not the guilty parties.

The judgment appealed from is reversed and the case is remanded to the Circuit Court with instructions to enter judgment in favor of appellant in accordance with Rule 27.

MR. CHIEF JUSTICE BONHAM and MR. JUSTICE FISHBURNE concur.