## 17626

**Mrs. Louise THOMAS, Appellant, v. COLONIAL STORES, INC., Respondent**

(113 S. E. (2d) 337)

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant,*

*Messrs. Butler & Chapman* and *L. Paul Barnes,* of Spartanburg, *for Respondent,*

*Messrs. Johnson & Smith,* of Spartanburg, *for Appellant, in Reply,*

March 15, 1960.

Oxner, Justice.

This action, denominated by plaintiff as one for false imprisonment, comes before us on the pleadings. Defendant made a motion to strike a portion of plaintiff's complaint and plaintiff made a motion to strike the second defense of defendant's answer. The Court below granted defendant's motion and refused that of plaintiff. From this order plaintiff has appealed.

Briefly stated, plaintiff alleged in her complaint that upon leaving one of defendant's self-service grocery stores in the City of Spartanburg, where she had gone as a patron, she was stopped on the sidewalk by the manager and required to accompany him to the rear of the store where she was detained for fifteen or twenty minutes, at which time a police officer who had been summoned by the manager arrived; that at his direction, the police officer took her to the city jail, where she was confined for approximately seven hours; that she was required to furnish bond in order to be liberated from jail and had to employ an attorney; and that no warrant was ever "issued in connection with the arrest and plaintiff was falsely imprisoned, deprived of her liberty, humiliated, mortified and embarrassed."

In its first defense, defendant admitted that upon leaving the store plaintiff was stopped on the street by its manager and detained by him until she was turned over to a police officer who took her to the city jail where she was kept for several hours; that she furnished bond and later employed an attorney and that no warrant was issued or signed. The remaining allegations of the complaint were denied. The second defense was as follows:

"1. Defendant alleges that on or about November 23rd, 1957, the plaintiff as a member of the public was in defendant's self-service store on North Converse Street in the

City of Spartanburg, South Carolina, and that on that date, and at said time approximately 3:30 to 4:00 o'clock, P. M., W. S. Myers observed the plaintiff to pick up a jar of coffee from defendant's stock and place it in her clothing; that plaintiff did not pay for said jar of coffee and kept it concealed on her person, leaving the store with said jar of coffee; that the said W. S. Myers followed the plaintiff to the street and called her attention to the fact that she had not paid for the jar of coffee, but plaintiff first denied having the jar of coffee, but later pulled out the jar of coffee and admitted that she had taken it, and the plaintiff was detained by the said W. S. Myers, as, it is alleged on information and belief, he had the right and duty so to do, until a duly authorized member of the Spartanburg City Police Force arrived at Defendant's store, and said Officer took the Plaintiff in charge and, as Defendant is informed and believes, took her to the City Jail of the City of Spartanburg, and where she was booked for petit larceny.

"2. That Defendant alleges, as it is informed and believes, that it sustains no liability to the plaintiff under the circumstances."

We shall first determine whether the Court below erred in refusing to strike defendant's second defense.

While ordinarily an order refusing a motion to strike allegations in a pleading is not subject to interlocutory appeal, it is not an invariable rule. It seems to be conceded that the motion here is in the nature of a demurrer, involving the merits and going to the heart of the defense, and should be determined before trial. Under these circumstances, we shall consider the appeal. *Rice Hope Plantation v. South Carolina Public Service Authority,* 216 S. C. 500, 59 S. E. (2d) 132; *DePass v. Piedmont Interstate Fair Association,* 217 S. C. 38, 59 S. E. (2d) 495.

We have encountered some difficulty in determining exactly the basis upon which the claim of false imprisonment is made. There is no allegation that plaintiff was unlawfully arrested or that false charges were preferred against her.

Nor do the pleadings disclose the disposition of these charges. It is stated in plaintiff's brief that a trial was had and the prosecution dismissed but this statement is not a part of the record on appeal and cannot be considered. Apparently the complaint is based upon the theory that regardless of the lawfulness of plaintiff's arrest in the first instance, the failure to procure a warrant or otherwise take any steps to prosecute her made her detention unlawful. But it is not necessary that we now construe the complaint or determine whether it states a cause of action. The case is not here on demurrer. Whatever may be the theory of the complaint, we think the facts stated in the second defense are relevant on the question as to whether plaintiff was lawfully arrested and detained.

■ In false imprisonment, the essence of the tort consists in depriving the plaintiff of his liberty without lawful justification. If the restraint or imprisonment complained of is under lawful process, the action fails. *McConnell v. Kennedy*, 29 S. C. 180, 7 S. E. 76; *Bushardt v. United Investment Co.*, 121 S. C. 324, 113 S. E. 637, 35 A. L. R. 637.

■ The facts stated in the second defense, unexplained, were sufficient to justify the store manager in arresting plaintiff. Section 17-251 of the 1952 Code provides: "Upon (a) view of a felony committed, (b) certain information that a felony has been committed or (c) view of a larceny committed any person may arrest the felon or thief and take him to a judge or magistrate, to be dealt with according to law." It was held in *Burton v. McNeill*, 196 S. C. 250, 13 S. E. (2d) 10, 12, 133 A. L. R. 603, that there is a sufficient compliance with this statute if the person arrested is taken to police headquarters "to be dealt with according to law."

It is argued that even if the arrest was valid, the duty upon the manager did not end when he turned plaintiff over to the police officer but further required him to procure a warrant as soon as reasonably possible, and that the failure

to do so made the detention of plaintiff unlawful. Assuming, without deciding, that the statute embodies this requirement, it cannot be determined from the pleadings whether the duty, if any, to seek a warrant was on the manager or the police authorities. Likewise for determination on the trial of the case is the further question of whether by giving bond, plaintiff waived the right to be taken before "a judge or magistrate". *State v. Langford,* 223 S. C. 20, 73 S. E. (2d) 854.

It is true that it was stated in *Westbrook v. Hutchison,* 195 S. C. 101, 10 S. E. (2d) 145, that a private person can only arrest for the purpose of taking the arrested party to the proper official to be dealt with according to law, and that this must be done within a reasonable time. But if there was a lawful arrest made in good faith, "subsequent unreasonable delay in taking the person before a magistrate will not affect the legality of the arrest, although it will subject the offending person to liability for so much of the imprisonment as occurs after the period of necessary or reasonable delay." *Dragna v. White,* 45 Cal. (2d) 469, 289 P. (2d) 428, 431. Also, see Restatement, Torts, Section 136, Comment (c).

Counsel for plaintiff say that since she has not asked for punitive damages, it is wholly immaterial whether the charge for which she was arrested is well or ill founded in fact and that neither the lack of malice nor the presence of good faith on the part of the defendant has any bearing on her cause of action. This argument is necessarily on the assumption that there was unlawful imprisonment which is a sharply disputed issue. The facts stated in the second defense are not asserted in mitigation of compensatory damages but as a defense to the claim of false imprisonment. They are pleaded in justification of the arrest of plaintiff.

It follows that there was no error in refusing plaintiff's motion to strike defendant's second defense.

The remaining question is whether the Court erred in granting defendant's motion to strike from the complaint the allegation that plaintiff "was required

to furnish bond in order to be liberated from jail and immediately thereafter employed an attorney to represent and defend her." We think this allegation was improperly stricken. It is proper to permit the plaintiff to show the circumstances under which she was released from custody. Any reasonable expense necessarily incurred in procuring her release is an element of damages in the event her cause of action is sustained. 22 Am. Jur., False Imprisonment, Section 129.

That portion of the order of the Circuit Judge granting defendant's motion to strike is reversed.

The parties were unable to agree upon the "statement" to be included in the record. From that fixed by the Court below both parties have appealed. We find the disputed matters immaterial. The statement prepared by the Circuit Judge is sufficient. All exceptions relating thereto are overruled.

Affirmed in part and reversed in part.

STUKES, C. J., and TAYLOR, LEGGE and MOSS, JJ., concur.