SAMUEL, Judge.
This is a suit for damages arising out of plaintiff’s alleged illegal commitment to the .Southeast Louisiana Hospital at Mande-ville. The defendants are the Jefferson Parish coroner, two other physicians, the Jefferson Parish sheriff, and various defendant insurers. Plaintiff has appealed •from a judgment maintaining exceptions of no cause of action filed by John Fitzgerald, ■sheriff, and his insurer, The American Insurance Company, and dismissing the suit as to those two defendants.
The petition alleges that, upon application made by plaintiff’s husband, commitment proceedings No. 76-704 of the docket of the 24th Judicial District Court were instituted against her and a judgment of commitment was signed therein by one of the judges of that court. The commitment proceedings were made part of the petition hut are not contained in the record lodged here. From the trial court’s reasons for judgment, and plaintiff’s counsel has so conceded in argument before us, it is clear that those proceedings constituted a judicial commitment under LSA-R.S. 28:53.
The petition further alleges that plaintiff’s commitment was illegal in that the judgment was based upon an incorrect certificate furnished by two of the defendants, the coroner and one of the other physicians, stating those two physicians had examined plaintiff within three days of the application for commitment and she was in need of observation or care in an institution, which certificate is required for judicial commitment by LSA-R.S. 28:51 (actually the sections intended are 52 and 5'3 and not 51), whereas the two physicians had never seen the plaintiff.
Her cause of action against the sheriff and his insurer, the present appellees, is based upon the execution of a court order arising out of the commitment proceedings. The only allegations relative to liability on the part of appellees are:
“6.
“That as a result of the coroner’s action and the filing of the interdiction proceeding, a sheriff’s deputy appeared at the Granier home on the morning of June 28, 1963, and ordered petitioner to leave in an automobile with him.
“7.
“That petitioner objected and indicated that she was not insane and that she had four children to care for and that one child was ill at the time and had a fever.
*533 “8.
“In spite of all her objections, petitioner was forced into the automobile and instead of taking her to Gretna as she asked the driver to do, she was taken directly to the hospital at Mande-ville where she was admitted as a patient.”
Plaintiff contends that a citizen’s right not to be arrested or committed without due process of law is so basic that ap-pellees are liable under the allegations of the petition, which allegations, for the purpose of deciding the exceptions of no cause of action, are accepted as true. She argues that under the circumstances the deputy ■sheriff making the arrest, as a reasonable man, was under an obligation to investigate further. She does not allege or contend that the order was improperly executed in any other manner.
The authorities on which plaintiff relies, •such as Lyons v. Carroll, 107 La. 471, 31 So. 760 and City of Monroe v. Ducas, 203 La. 974, 14 So.2d 781, are concerned only with arrests by police officers in the ordinary course of their work and with probable ■cause therefor; none of them involve execution of a direct court order. Here the ■deputy sheriff simply executed the commitment pursuant to a direct court order. He was not required to investigate nor could he ■question the judgment of the court or the ■order issued as a result of that judgment. If it is ever possible for existing circumstances to require a deputy sheriff to refuse to obey a direct order of a court of competent jurisdiction, and we do not pass upon that point, such was not the case here. 'That plaintiff objected, indicated she was not insane, had four children to care for, ■one of whom was ill, and asked to be taken to Gretna instead of Mandeville, are not circumstances which could require an investigation by the deputy. We do' not consider those facts as particularly unusual circumstances in connection with commitment. And under the petition’s allegations .an examination of the court record would have revealed the certificate showing personal examination by the physicians and the conclusion of needed institutional care reached as a result of that examination. The sheriff cannot be held liable for his proper execution of the court order.
The judgment appealed from is affirmed.
Affirmed.