22121

Richard E. JACOBS, David H. Jacobs, Dominic A. Visconsi, R. F. Coffin, Edward H. Crane, and Anthony W. Weigand, co-partners doing business under the firm name and style of JVJ Columbia Joint Venture, Appellants, v. William K. HARMAN and Janice P. Harman, Respondents.

(316 S. E. (2d) 146)

Supreme Court

18

*William C. Stork* of *Barnes, Stork, Herlong, Wolff & Reyner*, Columbia, *for appellants.*

*W. Ralph Garris,* Columbia, *for respondents.*

May 30, 1984.

Per Curiam:

The appellant partnership initiated this action for specific performance of an option to purchase real estate. The trial judge denied the appellant's Motion to Strike portions of the respondent's Answer and overruled the appellant's objections to the repondent's Requests for Admissions.

The parties assert that this Court has jurisdiction over the appeal from the denial of the Motion to Strike because it is in the nature of a demurrer. *Thomas v. Colonial Stores, Inc.,* 236 S. C. 95, 113 S. E. (2d) 337 (1960). The *Thomas* rule does not apply to this equitable action for specific performance. The trial judge can best determine what is relevant in equity cases after introduction of the evidence. *Smith v. Heyward,* 110 S. C. 148, 96 S. E. 289 (1918); *Pelfrey v. Bank of Greer,* 270 S. C. 691, 244 S. E. (2d) 315 (1978).

The order overruling the objections to the Requests for Admissions is also not appealable before final judgment. *See Pendergrass v. Martin,* 275 S. C. 413, 272 S. E. (2d) 172 (1980).

We, accordingly, dismiss the appeal without prejudice to raise the issue at trial.

Dismissed.