532 S.E.2d 865

The STATE, Respondent,

v.

James L. McATEER, Jr., Petitioner.

No. 25134.

Supreme Court of South Carolina.

Heard March 21, 2000.
Decided May 30, 2000.

Michael L. Brown, Jr. and Gary C. Lemel, both of Rock Hill, for petitioner.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Senior Assistant Attorney General Charles H. Richardson, all of Columbia; and Solicitor Thomas E. Pope, of York, for respondent.

FINNEY, Chief Justice:

We granted certiorari to review the *en banc* decision of the Court of Appeals in *State v. McAteer,* 333 S.C. 615, 511 S.E.2d 79 (Ct.App.1999). We reverse and remand, and hold, consistent with the opinion authored by Judge Connor,[1] that South Carolina recognizes no common law right[2] of a citizen to arrest, without a warrant, for a misdemeanor. Further, we vacate those portions of the Court of Appeals' opinions which discuss whether Driving Under the Influence (DUI) is a breach of the peace.

The facts are undisputed. An off-duty (but still uniformed) municipal police officer observed petitioner drive his automobile approximately 250 yards on a dirt road outside the municipality's city limits. The officer approached the car, and petitioner rolled down the window. The officer smelled alcohol and observed open alcoholic beverage containers in the car, and detained petitioner until a Highway patrolman arrived. The patrolman administered several field sobriety tests to petitioner, then formally arrested him and transported him to the York County Detention Center where petitioner blew a .18 on the breathalyzer.

Since the officer was outside the municipality's city limits when he first observed petitioner, he had no police authority to detain him. *See* S.C.Code Ann. § 17–13–40 (1985). He was authorized to arrest petitioner, however, if a private citizen could have done so. *State v. Harris,* 299 S.C. 157, 382 S.E.2d 925 (1989). Under S.C.Code Ann. § 17–13–10 (1985), any person may arrest without a warrant:

> Upon (a) view of a felony committed, (b) certain information that a felony has been committed or (c) view of a larceny

---

**1.** Although four members of the Court of Appeals agreed with Judge Connor that petitioner's arrest was unlawful and therefore his conviction should be reversed, the conviction was affirmed by the vote of four to five. The Court of Appeals' *en banc* statute requires a vote of six judges in order to reverse. S.C.Code Ann. § 14–8–90(b) (Supp.1999). We will refer to the prevailing opinion authored by Judge Goolsby as the "Goolsby opinion" and to Judge Connor's opinion as the "Connor opinion."

**2.** Citizen's arrests for misdemeanors under certain circumstances are authorized by statute. *e.g.,* S.C.Code Ann. § 17–13–10(c); § 17–13–20 (1985 and Supp.1999).

committed, any person may arrest the felon or thief and take him to a judge or magistrate, to be dealt with according to law.

A second statute permits other warrantless "citizen's arrests" for events occurring in the nighttime. S.C.Code Ann. § 17–13–20 (Supp.1999). It is undisputed that petitioner's citizen's arrest occurred in the daytime and involved a misdemeanor, not a felony.

■ At common law, a citizen could arrest for a misdemeanor committed in his presence if the misdemeanor involved a breach of the peace. We agree with the Connor opinion that, by 1833, South Carolina had limited the right of citizens to arrest to felony situations only.

The analysis of the issues presented here must begin with *State v. Anderson*, 19 S.C.L. (1 Hill) 327 (1833). Anderson killed a man in Georgia, and was hiding out in South Carolina. A party of South Carolina citizens went to arrest Anderson, who resisted. Anderson and Berry fired at each other, and Berry was mortally wounded. Anderson was subsequently captured and convicted of Berry's murder. One of the issues on appeal was the lawfulness of Berry's attempted arrest, and the Court held that a citizen may arrest a fugitive charged with a felony in a different state. *Anderson* at p. 138 (*341). Further, the Court held more generally that "private persons are permitted to arrest, where a felony has been committed, and there are reasonable grounds to suspect the party arrested to be the felon." *Id.* at p. 141 (*349).

■ The full meaning of *Anderson* does not appear on the face of the opinion. Later cases relying on *Anderson* make clear that, at least by 1833 when it was decided, South Carolina had eliminated the common law right of a citizen to make a warrantless arrest for a misdemeanor involving a breach of the peace committed in the citizen's presence.[3] In *State v. Davis*, 50 S.C. 405, 27 S.E. 905 (1897) (*Davis* I), the victim observed the defendant stealing money from the cash drawer at the victim's store. The victim chased the defendant from the store, and they scuffled. The defendant then shot

---

**3.** "It has always been the purview of a court to change the common law...." *Singleton v. State*, 313 S.C. 75, 437 S.E.2d 53 (1993).

the victim, who died the next day.[4] At issue on appeal was the lawfulness of the victim's attempted citizen's arrest, for "[w]hile it may be murder, under certain circumstances to kill in resisting an unlawful arrest, generally it is manslaughter only...." *Davis I*, 29 S.E. at 913. The Court reiterated the rule that "at common law a private person had the right to arrest, without warrant, any person who committed or attempted to commit a felony in his view" and cited *Anderson*. The State failed to prove the amount of money taken from the victim's cash drawer, thus leaving open the possibility that Davis was guilty only of petit larceny, a misdemeanor. If he were guilty only of the misdemeanor, then the victim's attempted citizen's arrest was unlawful. The Court reversed and remanded since the trial judge has failed to distinguish between grand and petit larceny in charging the jury and it was therefore unclear whether they had applied the correct law in arriving at the murder verdict. It is especially instructive that the *Davis I* Court never mentioned the common law breach of the peace misdemeanor arrest exception, for the facts of this attempted arrest cry out for application of the rule, if it then existed.[5]

That *Anderson* limited the common law right to arrest to felonies only was reiterated in *State v. Griffin,* 74 S.C. 412, 54 S.E. 603 (1906). In *Griffin,* the Court stated that prior to the enactment of 1866 Act No. 4802,[6] an act governing citizen's arrest powers, "[T]he rule of law prevailing in this state is stated as follows, in the case of *State v. Anderson* ... The proof must show prima facie a legal felony was committed, and that the prisoner was the perpetrator." *Griffin,* 54 S.E. at 604. We agree with the Connor opinion that by 1833, South Carolina's common law permitted a citizen to arrest without a warrant only for a felony, and never for a misdemeanor, regardless whether the misdemeanor involved a breach of the peace. *State v. Anderson, supra; State v. Davis I, supra; State v. Griffin, supra.* Contrary to the Goolsby opinion, we

---

**4.** All events took place during daylight, making the provisions of what is now § 17–13–20 inapplicable.

**5.** *See also State v. Nall,* 304 S.C. 332, 404 S.E.2d 202 fn. 15 (Ct.App.1991)("petty larceny is a breach of the peace").

**6.** The significance of this legislation is discussed *infra.*

find nothing inconsistent with this conclusion in either *State v. Davis*, 53 S.C. 150, 31 S.E. 62 (1898) or in *State v. Byrd*, 72 S.C. 104, 51 S.E. 542 (1905).

In 1865, South Carolina only permitted citizen's arrests in certain limited felony situations. *State v. Anderson, supra.* That year, the Legislature enacted 1865 Act No. 4731 which provided in pertinent part:

XXIX. Upon view of a misdemeanor committed by a person of color, or by a white person toward a person of color, a Magistrate may arrest the offender ... [.]

XXX. Upon view of a misdemeanor committed by a person of color, any person present may arrest the offender and take him before a Magistrate, to be dealt with as the case may require. In case of a misdemeanor committed by a white person toward a person of color, any person may complain to a Magistrate, who shall cause the offender to be arrested ... [.]

XXXI. Upon view of a felony committed, or upon certain information that a felony has been committed, any person may arrest the felon ... [.]

[now § 17–13–10(a) and (b) ].

XXXII. In the night time, any person may be arrested by such efficient means as the darkness and the probability of his escape render necessary, even if his life should be thereby taken, in cases where he has committed a felony, or has entered a dwelling-house with evil intent, or has broken, or is breaking into an out-house, with a view to plunder, or has in his possession stolen property, or being under circumstances which raise just suspicion of his design to steal or to commit some felony, flees when he is hailed.

[now § 17–13–20].

In 1866, the Legislature enacted 1866 Act No. 4802 titled *An Act to Alter the [1865 Act]* which repealed the 1865 Act as it related to warrantless arrests for daytime misdemeanors, and reenacted those provisions providing for warrantless daytime felony arrests now codified at § 17–13–10(a) and (b), and the nighttime provisions found at § 17–13–20.

■ Like the Connor opinion, we conclude the 1865 Act evinces a legislative intent to regulate all warrantless arrests by private citizens, and thus to supplant the common law in

this field. "The common law remains in full force and effect in South Carolina unless changed by clear and unambiguous legislative enactment." *Singleton v. State*, 313 S.C. 75, 83, 437 S.E.2d 53, 58 (1993). With the enactment of 1865 Act No. 4731, the General Assembly clearly and unambiguously supplanted South Carolina's common law in the area of citizen's arrests by altering the felony rules and by instituting misdemeanor rules. *See Branchville Motor Co. v. Adden*, 158 S.C. 90, 155 S.E. 277 (1930). The fact that this Act was altered the next year to eliminate all references to misdemeanor arrests (except those in the nighttime as now found in § 17–13–20) effectively restored the status quo ante 1865: no misdemeanor warrantless citizen's arrests.

■ The law changed again in 1898 when, in response to *Davis* I, the Legislature enacted what is now § 17–13–10(c), permitting warrantless misdemeanor arrests for any "view of a larceny committed." 1898 Act No. 508. The Connor opinion concludes this statute is the only circumstance when a citizen can make a daytime misdemeanor arrest. We agree. *Compare Percival v. Bailey*, 70 S.C. 72, 49 S.E. 7 (1904) (upholding false imprisonment verdict against private citizen who detained plaintiff for a misdemeanor); *Loggins v. Southern Ry. Co.*, 64 S.C. 321, 42 S.E. 163 (1902)(citing statute giving train conductors common law power of constables to make arrest). In *Prosser v. Parsons*, 245 S.C. 493, 141 S.E.2d 342 (1965), the Court in holding a game warden had statutory authority to arrest without a warrant for any offense committed in his presence, noted that "at common law sheriffs, constables, and other peace officers had the power and authority to arrest without warrant felons or persons reasonably suspected of having committed a felony and also those who had committed a misdemeanor in his presence which amounted to a breach of the peace." *Prosser v. Parsons*, 141 S.E.2d at 345. These references to the common law authority of officers to arrest for misdemeanors involving a breach of the peace committed in their presence is more evidence that no such authority was vested in private citizens.

■ We hold there is no common law right to make warrantless citizen's arrests of any kind and that such rights as exist are created by statute in South Carolina. Accordingly,

petitioner's arrest was unlawful, and his conviction is reversed and the matter remanded. Our disposition of the arrest issue makes it unnecessary to decide whether DUI involves a breach of the peace, and accordingly we vacate those portions of the Court of Appeals' opinions which discuss this issue.

REVERSED AND REMANDED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.