**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

William H. Bailey, Jr., Appellant,

v.

City of North Myrtle Beach, a South Carolina Municipal Corporation, Respondent.

Appellate Case No. 2013-000195

———————

Appeal From Horry County
W. Jeffrey Young, Circuit Court Judge

———————

Opinion No. 2015-UP-058
Heard December 9, 2014 – Filed February 4, 2015

———————

**AFFIRMED IN PART AND VACATED IN PART**

———————

Kenneth Ray Moss, of Wright, Worley, Pope, Ekster & Moss, PLLC, of North Myrtle Beach, for Appellant.

Derwood L. Aydlette, III, and Christopher Wofford Johnson, both of Gignilliat Savitz & Bettis, LLP, of Columbia, for Respondent.

———————

**PER CURIAM:** William H. Bailey, Jr. appeals the circuit court's order finding his declaratory judgment action seeking a grievance proceeding regarding the end

of his employment with the City of North Myrtle Beach (the City) was moot. He also appeals the circuit court's ruling he was not entitled to a grievance proceeding because he had retired from his position with the City Police Department. We affirm in part and vacate in part pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether Bailey's declaratory judgment action is moot: *Mathis v. S.C. State Highway Dep't*, 260 S.C. 344, 346, 195 S.E.2d 713, 715 (1973) ("A case becomes moot when judgment, if rendered, will have no practical legal effect upon existing controversy. This is true when some event occurs making it impossible for reviewing [c]ourt to grant effectual relief."); *Curtis v. State*, 345 S.C. 557, 567, 549 S.E.2d 591, 596 (2001) ("[M]oot appeals result when intervening events render a case nonjusticiable."); *Gainey v. Gainey*, 279 S.C. 68, 69, 301 S.E.2d 763, 764 (1983) ("This [c]ourt will not issue advisory opinions on questions for which no meaningful relief can be granted."); *Jones v. Dillon-Marion Human Res. Dev. Comm'n*, 277 S.C. 533, 535-36, 291 S.E.2d 195, 196 (1982) (finding question of whether employee was entitled to reinstatement and lost wages was moot when employer's funding was cut and agency ceased functioning). As to Bailey's argument Ordinance 1-4 of North Myrtle Beaches' Code of Ordinances precludes a finding of mootness: *Queen's Grant II Horizontal Prop. Regime v. Greenwood Dev. Corp.*, 368 S.C. 342, 372, 628 S.E.2d 902, 919 (Ct. App. 2006) ("Error preservation principles are intended to enable the trial court to rule after it has considered all relevant facts, law, and arguments."); *State v. Porter*, 389 S.C. 27, 37, 698 S.E.2d 237, 242 (Ct. App. 2010) ("The general rule of issue preservation is if an issue was not raised to and ruled upon by the trial court, it will not be considered for the first time on appeal.").

2.      As to the circuit court's finding Bailey retired from his employment and therefore was not entitled to a grievance hearing: *State v. McAteer*, 340 S.C. 644, 651, 532 S.E.2d 865, 868 (2000) (vacating portion of appellate opinion that discussed an issue unnecessary to the resolution of the case); *Brading v. Cnty. of Georgetown*, 327 S.C. 107, 112 n.3, 490 S.E.2d 4, 7 n.3 (1997) (vacating portion of referee's order that was unnecessary to his ruling).

**AFFIRMED IN PART AND VACATED IN PART.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**