**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Appellant,

v.

Jennifer Lynn Alexander, Respondent.

Appellate Case No. 2014-001919

———————————

Appeal From Beaufort County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-377
Heard March 9, 2016 – Filed July 27, 2016

———————————

**AFFIRMED**

———————————

Marcus Keith Gore, Department of Public Safety, of Blythewood, for Appellant.

Norbert E. Cummings, Jr. and Henry Richard Schlein, both of Summerville, for Respondent.

———————————

**PER CURIAM:** Officer Chad Hadden of the Goose Creek Police Department responded to a call from a citizen-passerby reporting a vehicle stuck in a ditch off U.S. Highway 176. When he arrived at the scene, Jennifer Lynn Alexander was outside the vehicle. The vehicle was stuck in a ditch within the front yard of a

residence, and it was inoperable. Officer Hadden, believing Alexander to be heavily intoxicated, radioed dispatch to confirm his location, at which point dispatch informed him the vehicle was not located within Goose Creek city limits. Officer Hadden's supervisor contacted South Carolina Highway Patrol to request that a trooper respond to the scene. Officer Hadden detained Alexander for approximately sixteen minutes before Trooper Yacobozzi arrived. Trooper Yacobozzi assumed responsibility of the investigation, administered a series of standardized field sobriety tests, and placed Alexander under arrest. Alexander was charged with driving under the influence (DUI), seatbelt violation, no proof of insurance, and failure to change address. The magistrate court dismissed Alexander's charges, finding Officer Hadden was outside his jurisdictional territory and, therefore, did not have the authority to detain Alexander. The circuit court upheld the magistrate court's dismissal of the charges. We affirm.

The State contends the magistrate court erred in dismissing Alexander's charges because her initial detention was lawful under section 17-13-45 of the South Carolina Code (2014). We disagree. *See* S.C. Code Ann. § 17-13-45 (2014) ("When a law enforcement officer responds to a distress call or a request for assistance in an adjacent jurisdiction, the authority, rights, privileges, and immunities, including coverage under the workers' compensation laws, and tort liability coverage obtained pursuant to the provisions of Chapter 78, Title 15, that are applicable to an officer within the jurisdiction in which he is employed are extended to and include the adjacent jurisdiction."); *State v. Harris*, 299 S.C. 157, 159, 382 S.E.2d 925, 926 (1989) ("The jurisdiction of a municipal police officer, absent statutory authority, generally does not extend beyond the territorial limits of the municipality." (citing 62 C.J.S. *Municipal Corporations* § 574 (1949 & Supp. 1988)); *State v. Boswell*, 391 S.C. 592, 600, 707 S.E.2d 265, 269 (2011) (indicating there are two grounds under which police officers have authority to effectuate extraterritorial arrests: specific statutory authorization or valid multi-jurisdictional agreements); *id.* at 600, 604–05, 707 S.E.2d at 269, 271–72 (explaining specific statutory authority to make extraterritorial arrests arises out of either the hot pursuit statute—section 17-13-40 of the South Carolina Code (2014)—or the private citizen's arrest statutes— sections 17-13-10 and 17-13-20 of the South Carolina Code (2014));[1] *id.* at 605, 707 S.E.2d at 271–72 (finding

---

[1] In *Boswell*, the court noted that the multi-jurisdiction agreement between Lexington County and Calhoun County incorporated the text of sections 23-1-210 and 17-13-45 of the South Carolina Code, and further stated that those sections

Boswell's arrest was unlawful because Lexington County officers had no specific statutory authorization and there was no valid multi-jurisdictional agreement between Lexington County and Calhoun County); *State v. McAteer*, 340 S.C. 644, 646–47, 532 S.E.2d 865, 866 (2000) (finding an officer outside his municipality's city limits did not have the authority to detain the petitioner until a highway patrolman arrived because (1) he was outside his jurisdiction when he first observed the petitioner violate the law and (2) he did not have the authority to make a private citizen's arrest).

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

"govern agreements involving the temporary transfer of law enforcement officers." 391 S.C. at 600, 707 S.E.2d at 269.