JUSTICE KITTREDGE :
**272 This case stems from a municipal police officer responding to a 911 call received through his dispatch center regarding a report of a disabled vehicle. After arriving on the scene, the officer found the vehicle slightly off the roadway in a ditch. While the road was in the city limits, the officer learned the shoulder area of the roadway was beyond the city boundary. The officer, not knowing the condition of the alleged driver (Respondent), checked to ensure she was not in immediate distress. While doing so, the officer confirmed with dispatch that the disabled vehicle had come to rest a few feet outside of the city limits. Dispatch was informed of the need for a state trooper,[1] as the officer suspected Respondent was intoxicated.
**273 The officer remained on the scene, and although Respondent was not handcuffed or otherwise restrained, it is acknowledged that Respondent was not free to leave the scene, as she was detained by the officer. The state trooper arrived quickly and conducted field sobriety tests on Respondent.
Respondent was charged by the state trooper with Driving Under the Influence (DUI). The magistrate court granted Respondent's motion to dismiss the case, finding the officer lacked authority to detain Respondent because the vehicle came to rest outside the municipality's limits. On appeal, the State argued that the officer had the authority to detain Respondent pursuant to section 17-13-45 because it extends an officer's authority when he is responding "to a distress call or a request for assistance in an adjacent jurisdiction." S.C. Code Ann. § 17-13-45 (2014). We granted certiorari to review the court of appeals' decision, which held the statute did not apply to this case. State v. Alexander , Op. No. 2016-UP-377, 2016 WL 4013756 (S.C. Ct. App. filed July 27, 2016). We reverse the court of appeals' decision because section 17-13-45 provided the officer with authority to detain Respondent and we remand this case for further proceedings.
I.
Just after 11:30 p.m., on July 29, 2013, a 911 call was routed to the City of Goose Creek Police Department (GCPD) and relayed a concerned citizen reporting a vehicle on the side of U.S. Highway 176. Because U.S. Highway 176 is within the City of Goose Creek's boundaries, Goose Creek Police Officer Hadden, while on duty and in uniform, was dispatched to the scene. Officer Hadden arrived on the scene within a few minutes in his marked vehicle.
Upon arrival, Officer Hadden observed that the vehicle appeared to be stuck in a ditch with its lights on, the driver's door *457 open, and the engine still running without anyone inside the vehicle. The alleged driver, Respondent, was located on the other side of the vehicle, and she was the only person in the area. Then, Respondent crawled into the driver's seat of the vehicle. Due to Respondent's state of partial undress, Officer Hadden's initial concern was that Respondent might have been sexually assaulted. Respondent assured Officer **274 Hadden that she was "okay" and explained that she had been relieving herself. Based on Respondent's demeanor, Officer Hadden suspected Respondent might be intoxicated.
Officer Hadden contacted dispatch to provide the address of the scene and confirm the precise boundary line of the city. It was confirmed that although the roadway was within the city limits of Goose Creek, the address of the property-encompassing the ditch adjacent to the roadway-was not within the city's jurisdiction. While awaiting the state trooper's arrival, Officer Hadden stayed with Respondent for approximately fifteen minutes. It is this period of time that is being construed as a detention by Officer Hadden.[2]
When the state trooper arrived, he told Officer Hadden that he believed GCPD had jurisdiction, but the state trooper decided to work the scene nevertheless. Subsequently, the state trooper administered field sobriety tests, arrested Respondent, and charged her with DUI, among other violations. Officer Hadden conducted no field sobriety tests and was not the arresting officer.
Prior to trial, Respondent filed several motions arguing, among other things, that because her vehicle was not located within the City of Goose Creek's limits, Officer Hadden had no authority to detain her until the state trooper arrived and therefore her charges should be dismissed. Relying on State v. McAteer , 340 S.C. 644, 532 S.E.2d 865 (2000), and State v. Boswell , 391 S.C. 592, 707 S.E.2d 265 (2011), the magistrate court agreed, finding Officer Hadden's detention of Respondent was unlawful and that dismissal of her charges, with prejudice, was therefore proper. On appeal, both the circuit court and the court of appeals affirmed. We issued a writ of certiorari to review the court of appeals' decision.
II.
"Questions of statutory interpretation are questions of law, which are subject to de novo review and which we are **275 free to decide without any deference to the court below." State v. Whitner , 399 S.C. 547, 552, 732 S.E.2d 861, 863 (2012).
Respondent argues that the court of appeals and the circuit court properly affirmed the magistrate court's dismissal of her charges; however, the State argues that the cases cited by Respondent are inapplicable here and fail to consider the authority provided under section 17-13-45 of the South Carolina Code of Laws. We agree with the State. As discussed below, the court of appeals erred by affirming the lower courts' decisions and holding that Respondent's initial detention was unlawful on the bases of State v. McAteer , 340 S.C. 644, 532 S.E.2d 865 (2000), and State v. Boswell , 391 S.C. 592, 707 S.E.2d 265 (2011).
The issue in this case is whether section 17-13-45, which extends an officer's authority when he responds to a distress call or request for assistance in an adjacent jurisdiction, applies when an officer responds to a 911 call received through his dispatch center to respond to an incident location, which is later determined to be mere feet beyond his jurisdiction. Under these circumstances, we hold section 17-13-45 extended the officer's authority beyond the city's limits to detain Respondent pending arrival of the state trooper.
"The jurisdiction of a municipal police officer, absent statutory authority, generally does not extend beyond the territorial limits of the municipality." State v. Harris , 299 S.C. 157, 159, 382 S.E.2d 925, 926 (1989) (footnote and citation omitted). However, there are some exceptions to this general rule, including *458 "[w]hen a law enforcement officer responds to a distress call or a request for assistance in an adjacent jurisdiction, the authority, rights, privileges, and immunities ... applicable to an officer within the jurisdiction in which he is employed are extended to and include the adjacent jurisdiction." S.C. Code Ann. § 17-13-45 (2014).
"The cardinal rule of statutory interpretation is to ascertain and effectuate the intent of the legislature." Whitner , 399 S.C. at 552, 732 S.E.2d at 863-64 (citing Sloan v. Hardee , 371 S.C. 495, 498, 640 S.E.2d 457, 459 (2007) ). "Absent an ambiguity, the court will look to the plain meaning of the words used to determine their effect." Whitner , 399 S.C. at 552, 732 S.E.2d at 864 (citing City of Rock Hill v. Harris , 391 S.C. 149, 155, 705 S.E.2d 53, 55 (2011) ).
**276 The text of the statute is clear-"[w]hen a law enforcement officer responds to a distress call or a request for assistance in an adjacent jurisdiction, the authority ... applicable to an officer within the jurisdiction in which he is employed [is] extended to and include[s] the adjacent jurisdiction." S.C. Code Ann. § 17-13-45. In this case, a 911 call about a vehicle in a ditch resulted in an officer being dispatched to a location thought to be within his jurisdiction. Officer Hadden did not know if there was an emergency situation to address such as whether the driver had lost consciousness and drove off the road due to a seizure or other medical condition. In fact, Officer Hadden testified during the hearing before the magistrate court that he was initially concerned Respondent was the victim of a sexual assault when he arrived because her pants were around her ankles. Thus, a distress call or request for assistance encompasses this 911 call.
The cases cited- McAteer and Boswell -are distinguishable from the case at hand because neither involved an officer responding to a 911 call and neither interpreted section 17-13-45. Furthermore, the court of appeals failed to consider all of the relevant statutory authority and overlooked the text of section 17-13-45 that extends an officer's authority to respond to distress calls or requests for assistance. Moreover, the court of appeals improperly relied on Boswell to limit section 17-13-45's reach to multi-jurisdictional agreements involving the temporary transfer of law enforcement officers.
To be clear, jurisdictional boundaries mean something and, absent specific lawful authority, an officer has no authority to act in his official capacity beyond his jurisdiction. However, section 17-13-45 provides a narrow exception to the general rule. Under the particular facts of this case, Officer Hadden's response was to a distress call or request for assistance. When an officer responds to a situation under these circumstances, the officer's authority is extended to the adjacent jurisdiction.
We further find support for Officer Hadden's authority in section 5-7-155, which provides, "If any portion of a ... highway is within the boundary of a municipality, the right of way ... not within the municipal boundary but touching the boundary is nevertheless considered to be within the boundary of that municipality for purposes of its police jurisdiction." S.C. Code Ann. § 5-7-155 (2004). Here, the vehicle went off **277 the road within the municipality's jurisdiction and stopped in a ditch mere feet beyond the road. Thus, Officer Hadden's authority was extended in this situation.
Yet, to resolve this case, we need not determine the full reach of a law enforcement officer's authority when acting pursuant to section 17-13-45, nor do we need to define the full scope of section 5-7-155. Rather, we answer the question narrowly in the context of this case under section 17-13-45-where a law enforcement officer receives a call through his dispatch center from 911 communications regarding an incident believed to be within or immediately adjacent to his jurisdiction, the officer has the authority to respond, assess the situation, and (if necessary) detain the subject where the incident location lies outside of the responding officer's jurisdiction. As a result, we conclude Officer Hadden had the authority to detain Respondent pending the state trooper's arrival to the scene in this case.
III.
We reverse the court of appeals because, under the specific facts of this case, *459 section 17-13-45 extended Officer Hadden's authority to respond to the 911 call and detain Respondent. S.C. Code Ann. § 17-13-45 (2014). Therefore, we reverse the dismissal of Respondent's charges and remand this case to the magistrate court for further proceedings.
REVERSED AND REMANDED.
BEATTY, C.J., HEARN, FEW and JAMES, JJ., concur.

State troopers with the South Carolina Department of Public Safety have statewide jurisdiction. See S.C. Code Ann. § 23-6-140 (2007).

Since the hearing before the magistrate court, the State has conceded that Officer Hadden detained Respondent. Although Officer Hadden did not engage Respondent in any field sobriety tests and simply obtained her information while he waited for the state trooper to arrive, our analysis assumes this period of time constituted a detention.